(Decided 17th January, 1877.)

SEWELL B. POWELL *vs.* JAMES T. YOUNG and LOUIS W. YOUNG.

*Specific performance of a Contract—Equity Practice—Compensation where the Contract cannot be Specifically enforced—Res gestæ.*

Where a party has disabled himself from performing a contract to convey land, the Court, under a bill for the specific performance of the contract, and for *general relief*, may retain the bill and award compensation to the complainants.

And where the evidence showed that the disability to perform the contract was the result of a fraudulent arrangement and conspiracy between J. W. (the vendor) and S. B., for the purpose of depriving the complainants of the benefit of their contract, it was HELD:

1st. That the decree for compensation should be passed against S. B. as well as against J. W.

2nd. That the declarations of J. W. tending to implicate S. B. in the fraudulent transaction were part of the *res gestæ* and admissible against S. B.

3rd. That the compensation to which the complainants were equitably entitled, was the re-payment of the purchase money with interest from the time it was paid.

APPEAL from the Circuit Court for Worcester County, in Equity.

The bill in this case was filed by the appellees against the appellant and John W. Powell for the specific performance of a contract for the sale to the complainants of a parcel of land, which John W. Powell, in the division of his father's estate, had elected to take at the valuation of the commissioners, and which he had afterwards sold to the complainants, he, the said John W. Powell, having subsequently failed to comply with the terms of his election, whereby the appellant as the next eldest heïr became entitled to elect to take said land, and had filed his petition for leave to do so.

After testimony had been taken in the cause, the Court below (FRANKLIN and IRVING, J.,) passed a decree refusing the specific enforcement of the contract, but retained the bill "for the purpose of awarding compensation to the complainants," and further decreed that the defendants should pay to the complainants the sum of $1000, with interest from the 3rd of January, 1875, being the amount of the purchase money paid by the complainants on the alleged contract of sale, and the costs of this suit.

From this decree the defendant Sewell B. Powell, appealed. The case in other respects is sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, MILLER, ALVEY and ROBINSON, J.

*John H. Handy,* for the appellant.

*Wm. H. W. Farrow*, for the appellees.

BARTOL, C. J., delivered the opinion of the Court.

By the decree of the Circuit Court from which this appeal was taken, the injunction which had been granted at the instance of the appellees, complainants below, was dissolved and their prayer for the specific performance of the contract of purchase was denied, for reasons fully stated in the opinion of the Circuit Court. These meet our entire concurrence, but they are not called in question on this appeal. That part of the decree is not before us for review, the complainants not having appealed. *Rider & Trotter vs. Gray*, 10 *Md.*, 282.

The Circuit Court while denying the specific relief sought by the appellees, retained the bill for the purpose of awarding compensation, and decreed against the two defendants *John W. Powell* and *Sewell B. Powell*, requiring them to repay to the appellees the purchase money paid by the latter under the contract, with interest thereon. From this decree *Sewell B. Powell*, one of the defendants has appealed.

The first objection to the decree urged by the appellant, · is that the relief granted is not prayed for in the bill of complaint, and is inconsistent with the specific relief prayed. In our judgment this objection cannot be sustained.

The object of the bill was to compel a specific performance of the contract, and that is the special relief prayed, but the bill contains also a prayer for *general relief*, under this prayer it was competent for the Circuit Court to award compensation to the complainants. This is not beyond the general scope and object of the bill; but arises out of the alleged contract and the part performance thereof by the complainants, by the payment of a part of the purchase money, which it would be against equity and good conscience for the defendants to retain. There ·

can be no doubt of the power of the Court to decree compensation, in a proper case, where specific performance is denied; such relief is granted under the *prayer for general relief.* In *Green vs. Drummond*, 31 *Md.*, 71 compensation was decreed, although there was no special prayer for such relief in the bill of complaint. The same course was pursued by Chancellor KENT in *Parkhurst vs. Van Courtlandt*, 1 *Johns. Ch. R.*, 273, which has been more than once cited with approval by this Court.

The next objection urged by the appellant is that the appellees would have full and adequate remedy at law, where it is said they might recover back the purchase money, and therefore they are not entitled to relief in equity.

The rule upon which Courts of Chancery proceed in such cases is thus stated in *White & Tudor's Leading Cases in Equity*, (65 *L. Lib.*, 527.)

"When the specific execution of a parol agreement cannot be decreed, in consequence of the uncertainty in its terms, or of the Statute being relied on, the Court will if there be no remedy at law, or it is uncertain or embarrassed, or under circumstances of special equity, decree compensation to the extent of the purchase money paid, and the value of beneficial and lasting improvements." This general proposition has been cited with approval in *Bowie vs. Stonestreet*, 6 *Md.*, 431, and *Green vs. Drummond*, 31 *Md.*, 85. There is no doctrine of equity better established.

We refer also to *Rider & Trotter vs. Gray*, 10 *Md.*, 300, where the Court citing from *Story*, (2 *Eq. Juris.*, sec. 796, &c.,) say, this jurisdiction should be exercised "under special circumstances, and upon peculiar equities, as for instance in cases of fraud; or where the party has disabled himself by matters *ex post facto* from a specific performance; or where there is no adequate remedy at law."

Powell *vs.* Young.

Applying these rules to the present case, we think the Circuit Court did not err in retaining the bill and awarding compensation to the complainants.

The contract on which they paid *one thousand dollars* could not be specifically enforced, for the reason that the vendor John W. Powell had disabled himself from performing it.

At the time the contract was made he had not acquired a complete title; he had exercised his right of election under the Statute, but failed to give bond as required by law, and voluntarily withdrew and abandoned his election, whereby the right of election devolved on the person next entitled; and thus by his fault and laches he was disabled from performing his contract.

The evidence in the case clearly shows that he acted in bad faith, in failing to go on and complete his title. The appellees were ready and offered to furnish sufficient sureties to go on his bond, in accordance with what appears to have been the original understanding; but he refused; put them off from time to time upon false and groundless pretexts; and finally placed himself in a position where it was no longer in his power to keep his contract, or for the appellees to enforce its performance. The case disclosed by the evidence is one in which there are special circumstances of equity that justified the Circuit Court in decreeing compensation.

John W. Powell, one of the defendants, has not appealed, and it is very clear that he could have no good ground to maintain an appeal from the decree.

It remains only to consider whether upon the proof in the case, the decree was rightfully passed against the appellant, Sewell B. Powell.

The bill charges substantially that the defendants both took part in the negotiations for the sale of the property, and by an agreement between themselves were jointly inte-

rested in the profits of the transaction. It further charges that the failure and refusal of John W. Powell to give bond according to law, and his voluntary withdrawal and abandonment of his election, whereby the right to elect devolved on Sewell B. Powell who was the heir next entitled, and the petition of the latter to elect the property was the result of a fraudulent arrangement and conspiracy between them, for the purpose of depriving the complainants of the benefit of their contract.

The Circuit Court say in their opinion "From the evidence we are compelled to the belief that John and Sewell Powell were jointly interested in the matter. That while John made the election and his name only was used in the receipt given the complainants, it was an arrangement for mutual profit; and that the breaking up of the contract and negotiations with the complainants is the result of a conspiracy or combination between them to bring it about. Their respective denials thereof, are outweighed by strongly preponderating and disinterested testimony, and by circumstances too pregnant to be disregarded."

In this conclusion we think the Circuit Court was right.

The evidence shows that the appellant was interested in the contract of sale. This appears not only from the declarations of John, which we think were admissible and competent evidence as part of the *res gestæ;* but also from the conduct of the appellant during the whole negotiation, and from his own declarations made to *James T. Young* as testified to by the latter.

After the contract had been made and John failed to carry it out, he stated to the witness *Mr. Dryden,* "that he was willing to consummate the sale of the property, but that Sewell was opposed to it." The witness further states, " John led me to believe that there was some sort of understanding between him and Sewell; I do not know what it was, it seemed that if Sewell held John bound by

some contract about the land, that it would be to the disadvantage to John to complete the sale at that time. John said he was willing to fix the business afterwards at the same time, but was not willing to do so then." This statement of his willingness to carry out the contract at some future time, is entitled to little weight; for he never afterwards took any steps for that purpose, and at the very time it was made he left with Mr. Dryden the $100 in money and the note for $900, to be returned to the appellees, in the hope and for the purpose of putting an end to the contract. The testimony is significant as showing that his conduct was influenced by the appellant, and by the engagements existing between them with regard to the property; and finally the circumstances under which he voluntarily abandoned his election, and gave up the profit of $2500 which would have inured to him under the contract of sale, and the benefit of taking the land by election was secured to the appellant, all demonstrate that they were acting in concert in the whole transaction, were jointly interested and are therefore alike responsible to the appellees to make restitution of the purchase money.

With respect to the exceptions to the testimony made by the appellant, and the several exceptions to the bill of complaint for alleged insufficiency, it is only necessary to say that we affirm the rulings of the Circuit Court thereon.

The compensation to which the appellees are equitably entitled is the repayment of the purchase money with interest thereon from the time it was paid.

The decree awards interest from the 3rd day of January 1875, which is an error. The contract was made on the 23rd day of January, and on that day $100 was paid, and a note or due bill for $900 was given payable in ten days. It was not actually paid till the 10th day of March 1875. Interest thereon ought to be allowed from the day of payment.

In this particular therefore the decree must be reversed and the cause remanded that it may be corrected; in other respects the decree will be affirmed; and the appellant will be required to pay the costs of this appeal.

<div align="right">

*Decree reversed in part, and*
*affirmed in part, and*
*cause remanded.*

