## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

D. C. Rice

v.

Dueward H. Scott, Jr., et al.

### Case No. D-191

By JUDGE A. CHRISTIAN COMPTON

January 16, 1969

You will find enclosed a copy of the order entered today overruling the demurrers of the defendants on all of the grounds stated, but sustaining the demurrer of the defendant Summerell as it relates to the sufficiency of the allegations of damages and granting the plaintiff leave to amend.

The plaintiff alleges that the Scotts agreed to sell to him by written contract of November 8, 1965, a certain parcel of land located at 1121 Floyd Avenue in this city. Settlement was to be made within sixty days, or as soon thereafter as the title could be examined and the papers prepared.

The Bill further sets forth that the plaintiff has fully performed the contract and is still willing to consummate the sale but that the Scotts have refused to perform and have failed to convey the property.

It is further alleged that by deed dated August 17, 1966, and recorded February 24, 1967, (almost sixteen months after the date of the contract), the Scotts conveyed the property to the defendant Barbara H. Scott. By deed

recorded on the same day, that defendant sold the property to the defendant Summerell.

This suit was filed on January 3, 1968, about twenty-six months after the date of the contract.

The plaintiff prays for specific performance of the contract; that the aforesaid conveyances be set aside; that the defendant Summerell be restrained from transferring the property; that in the event specific performance is not decreed, that the plaintiff be awarded damages; and, that the plaintiff be awarded costs. The prayer also includes a request for general relief.

The defendant Barbara H. Scott has filed an answer which, of course, is a pleading raising issues of fact. She sought upon oral argument of Summerell's demurrer to have paragraph 3 of her answer treated as a demurrer, which is a pleading raising issues of law. The plaintiff objected to this procedure. While such a practice of including a demurrer as one of the paragraphs of an answer is not approved or encouraged, in this particular suit the Court will treat such paragraph as a demurrer. "In equity substance is regarded rather than form. Hence, though a pleader may mistake the *name* of his pleading, yet, if it be proper in substance, the Court will disregard the error and treat the pleading as if it were rightly named." *Lile's Equity Pleading and Practice* (3rd Ed), section 150. That defendant bases her demurrer upon the ground of laches and such demurrer is overruled for the reasons set out below.

The defendant Summerell first asserts that there has been a "misjoinder" in that the plaintiff may be entitled to damages together with specific performance but not both in the alternative in the same equity proceeding. This position is not well taken. While the Bill (in paragraph 4 of the prayer) is not, strictly interpreted, couched in language seeking alternative relief (either specific performance or damages), it is perfectly proper so to draw the bill. 17 M.J. *Specific Performance*, section 103, p. 147. It is always advisable to frame the prayer for special relief in the alternative, to have either one relief or the other as the Court may determine, as long as the matters prayed for are not "mutually repugnant on the basis of facts." *Hogg's Equity Procedure*, 3rd ed., section 113, p. 165. Moreover, the plaintiff may seek

damages in addition to, as well as in lieu of, specific performance. 17 M.J. *Specific Performance*, sections 91 and 92, pp. 135-137; *Hogg's Equity Procedure*, 3rd ed., section 608, p. 755, ftn. 71.

Second, the defendant Summerell (and the defendant Barbara H. Scott) urge that the Bill shows on its face as a matter of law that the plaintiff has been guilty of laches. An equity court should seldom declare, on the pleading, that the plaintiff is guilty of laches for the reason that the issue of "when one is barred from asserting an interest in real estate because of laches is one so dependent upon the exact relations of the parties that it will only be determined upon the demurrer to a bill when the facts alleged make it clear that the plaintiff, with full knowledge of the facts, has slept thereon to the disadvantage of the defendant." 7 M.J. *Equity*, section 46, pp. 75-76. See also 17 M.J. *Specific Performance*, section 43. The Court in this case is not prepared to say that the mere delay of 26 months between the execution of the contract and the bringing of the suit coupled with the purchase of the property by an alleged stranger to the contract is sufficient to justify the Court in holding the plaintiff guilty of laches. This question can better be resolved when the suit is heard on its merits. *Cf. Hogg v. Shield*, 114 Va. 403 (1913).

Finally, the defendant Summerell says that there is no allegation regarding damages as to him. The plaintiff responds that Summerell "may be" liable for damages but that he has not "investigated" that issue "yet." The defendant's point is well made. Other than what is said in paragraph 4 of the prayer, no mention is made in the Bill of the basis for any claim of damages as to that defendant. Accordingly the demurrer of the defendant Summerell is sustained insofar as it relates to the sufficiency of the allegations of the Bill as to damages against Summerell and the plaintiff is given leave to file an amended bill to supply the deficiency if he be so advised.

July 2, 1969

Enclosed you will find a copy of the order entered today sustaining the demurrer and overruling the special plea of the defendant Summerell filed to the amended bill.

The plaintiff was granted leave to amend his bill to supply the deficiency heretofore existing as to the damage claim against the defendant Summerell. In addition to amending the bill as it related to the nature and extent of the damage claim, the plaintiff made other additional amendments found in paragraphs 6, 7 and 8 and in the prayer of the amended bill. Thereafter the defendant Summerell demurred to the amended bill and filed a special plea thereto.

The demurrer raises the issue of whether in this suit for specific performance, the plaintiff vendee has a right to damages against the grantee (Summerell) who purchased the property in question from the defendant vendor Barbara Scott with notice of the contract of sale of the property between the defendants Dueward and Barbara Scott and the plaintiff. The Court has concluded that he does not.

The law is clear that where the vendor, under a contract to sell real estate, conveys the land to a third person grantee (the defendant Summerell here) who has notice of the contractual right of the vendee (the plaintiff here) to purchase, such third person's rights are inferior and subordinate to those of the vendee and if such vendee is entitled to specific performance, the grantee's interest is subject to being divested in the process of effectuating a specific performance of the contract. 61 M.J. *Specific Performance*, section 61, p. 94, ftn. 9 and 10; Pomeroy's Specific Performance (3rd Edition), section 465, pp. 946-947; 81 C.J.S. *Specific Performance*, section 27(b)(1), p. 470. *See also Neel* v. *Neel*, 80 Va. 584, 588 (1885). When the contract is proven and specific performance cannot be decreed because of the inability of the vendor to convey to the plaintiff vendee, equity will retain jurisdiction and decree damages *to be paid by the vendor* to which the plaintiff vendee is entitled by reason of the defendant vendor's breach *of the contract.* As to the measure of such damages, see *Williams* v. *Snider*, 190 Va. 226 (1949), and *Davis* v. *Beury*, 134 Va. 322 (1922).

But in this suit the plaintiff seeks an award of damages not only against the defendant vendor (for the purpose of this demurrer only, treating the two vendors as one) but also against the defendant grantee Summerell. The plaintiff has referred the Court to no authority to

support this view nor has the Court found any. He relies on this statement found in 81 C.J.S., *Specific Performance*, section 163(f), ftns. 88, 89 and 90:

> While the fact that a subsequent grantee of land from defendant vendor took with notice of the rights of plaintiff purchaser does not necessarily require that a judgment for purchase money paid in lieu of specific performance should run against such subsequent grantee, circumstances may warrant a money judgment against a subsequent purchaser from, or other person holding under, the vendor, or a judgment for purchase money paid, against a person who has acted in collusion with the vendor to prevent performance.

This statement does not support the plaintiff's position under the facts of this suit as shown by the allegations of the amended bill treated as they must be on demurrer. The cases cited as authority for the above statement by the text are: *Lembach* v. *Dyatt*, 212 P. 894, 897 (Kan. 1923); *Commer* v. *Potter*, 205 N.W. 172, 174 (Mich. 1925); and *Powell* v. *Young*, 45 Md. 494, 499 (1876). In *Commer*, the defendant third party grantee Watson was a good faith purchaser and no damages were awarded against him. In *Powell*, the defendant grantee had *conspired* with the defendant vendor for the purpose of depriving the plaintiff vendees of the benefit of the contract and damages were awarded against the defendant grantee. In *Dyatt*, the Kansas court discussed the rule of the *Powell* case but found that it did not apply and refused to decree damages against the third party grantee. In *Dyatt* there was a fraudulent agreement between the defendant grantee and the defendant vendor for the purpose of depriving the plaintiff vendee of his rights under the contract, but this fraudulent agreement itself did not defeat a specific performance of the contract. Such was defeated because there was a mortgage on the property which the vendor thought he could have released in order that clear title would pass, but it developed that this could not be accomplished. There was no showing that the grantee had anything to do with the failure to have the mortgage released, so no damages were assessed against him. Accord,

*Liquid Carbonic Co.* v. *Whitehead*, 115 Va. 586 (1913), where purchaser with notice took with the deliberate purpose of defeating the plaintiff's claim.

Since there is no allegation of conspiracy or fraud as to Summerell in this suit, the above authorities do not support the plaintiff's position upon the damage question. The damages, in a suit such as this, if any, are awarded for breach of the *contract* and Summerell was not a party to this contract.

The effect of this decision is to strike from the bill any claim for a money judgment against Summerell. He remains as a party defendant and is subject to having the conveyance to him declared void, in which case he may be compelled to convey the land to the plaintiff, if the plaintiff is successful in that aspect of this suit.

In view of what has been said above, it is unnecessary to pass on the sufficiency of the plaintiff's allegations in the amended bill as to the nature and extent of his damages, as raised in Summerell's demurrer.

This leaves for discussion the Court's action in overruling the special plea of Summerell to that part of the prayer of the amended bill seeking an order restraining him from conveying, transferring or creating any interest in the property in any other person pending the outcome of this suit. Since the claim of the plaintiff is exclusively cognizable by equity, that is, one which seeks to enforce an equitable interest in specific property, a court of equity is bound to grant every kind of remedy necessary to protect the enforcement of such interest, including the issuance of an injunction restraining alienation, transfer, encumbrance and all other modes of dealing with the property which would prejudice the rights of the plaintiff. 4 Pomeroy's Equity Jurisprudence, (Fourth Edition), section 1339. If the rule was otherwise, the plaintiff's equitable relief would be of very little practical value. This is true even though there is statutory authority for a notice of *lis pendens* available. *Idem.* ftn. 1.

A temporary restraining order will be entered, but the amount of the bond must be set before this can be done.