63 599
110 465

NICHOLS, SHEPARD & CO. (A CORPORATION) V. AMOS SHAFFER.

*Principal and agent—Exchange of mortgage security—Ratification.*

Plaintiff (a corporation) held a chattel mortgage on a *threshing*

engine and other property, and in July, 1884, defendant deliv-
ered *all* of the property, except the engine, to an agent of plaint-
iff, who took a *second* mortgage on a portable saw-mill, condi-
tioned the same as the first, which saw-mill was delivered to the
agent, and *all* of the property but the engine sold under the
mortgage, and the proceeds appropriated by plaintiff. The
engine was replevied by plaintiff, and the main question on the
trial was its alleged *release* in consideration of the mortgaging of
the saw-mill. The court instructed the jury that the agent had
no *authority* to make the exchange of securities, and left the
question of *ratification* to the jury.

*Held*, that plaintiff could not avail itself of the *saw-mill* mort-
gage, and repudiate the consideration for which it was made;
and that, whatever may have been the authority of the agent to
release the engine, what he did and represented in obtaining the
*saw-mill* mortgage bound the plaintiff, if it chose to keep and
enforce *that* instrument, thereby *ratifying* his *agency* in taking
it.

Error to Gratiot. (Hart, J.)   Argued November 4, 1886.
Decided November 11, 1886.

Replevin.   Plaintiff brings error.   Affirmed.   The facts
are stated in the opinion.

*Wheeler & McKnight*, for appellant.

*C. W. Giddings*, for defendant.

CAMPBELL, C. J.   Plaintiff brought this suit to replevy a
10 horse-power engine, with truck and other appendages,
claiming to hold it under a chattel mortgage given in April,
1883, upon this property, and upon a 17 horse-power engine
and a separator, to secure $1,390 in several installments.

In July, 1884, one Adams, an agent of plaintiff, went to
defendant to get the mortgaged property.   Shaffer at that
time gave him up all the other property, but desired to keep
this engine.   This was in fact left, and the rest taken away.

At the same time a portable saw-mill was turned over to
Adams, and included in a new chattel mortgage of the same
conditions as the old one.   All the other property, including

this saw-mill, was sold under the mortgage security.  No extension of time or other legal consideration passed for the saw-mill mortgage.  The whole dispute in the case arises upon whether this was merely an additional security, or whether the saw-mill was put in upon the consideration that the property now replevied should be released from the mortgage.  The jury found for the defendant.

If defendant and his witnesses told the truth, and the jury evidently believed them, then there was no question but that the saw-mill was intended to be a substitute for the engine, which was released.  Upon this question the verdict is conclusive, if the other difficulties suggested do not stand in the way.

The principal contest is upon the authority of Mr. Adams. The court told the jury he had no authority to make the exchange, unless it was ratified, but left it to the jury to determine whether it was ratified or not.  The several assignments of error all bear upon this question of ratification.

It appears from the record that one Worden, the collecting agent of plaintiff, went in October, 1884, to Shaffer, and wanted this engine, and did not get it, and that Shaffer claimed it had been released; and this replevin suit was the sequel to this visit.  It also appears that the saw-mill was sold on foreclosure, as well as the other property, and appropriated for the benefit of plaintiff.

There was considerable testimony concerning the value of the various articles, and about the dealings of the parties, which had some bearing on the probabilities.  We see no reason why it was not admissible; and we think it was also proper to show the professions and assumptions of authority of the various agents who appeared in the matter.  These alone would not prove agency, and so the court held; but it was of the utmost importance to know on what understanding the saw-mill mortgage was given.

We have no doubt that the court was correct in its various

instructions to the effect that plaintiff could not avail itself
of the saw-mill mortgage, and repudiate the consideration
for which it was made. Whatever may have been the
authority of Adams to release the engine from the first
mortgage, there can be no doubt that what he did and rep-
resented in obtaining the saw-mill mortgage bound the
plaintiff, if plaintiff chose to keep and enforce that instru-
ment. It thereby, at least, ratified his agency in taking it,
and must be responsible for the manner in which it was
obtained. Any other doctrine would lead to strange conse-
quences. It could not demand or recover the property in-
volved in this suit without restoring what was taken by its
agent in lieu of it.

Whether the corporate action had become irrevocable or
not before Worden's visit in October, 1884, full notice was
given then, and its liability was thereafter fixed. No
attempt has been made to restore Shaffer's rights. Plaintiff
has put itself upon a denial of them, and the jury has found
against its denials. The issue is a very simple one, and does
not call for much discussion.

The judgment must be affirmed.

The other Justices concurred.