W. W. MACE ET AL. V. J. B. HEATH.

[FILED OCTOBER 28, 1890.]

1. **Negotiable Instruments:** ALTERATION: ASSENT BY PART-NER. Two persons jointly purchased the fixtures, furniture stock, and lease of a feed store in the city of O. for the sum of $1,008, and paid thereon the sum of $400 cash, and gave their notes, due in three and six months, for $304 each. The notes were drawn on printed forms, and contained the words, " Payable at the Merchants National Bank of Omaha, Nebraska." These words were erased before the notes were signed, but the word "maturity," indicating the time when the interest would commence, was not erased. A short time afterwards the payee called the attention of one of the makers to the omission to erase the word, and it was thereupon erased, and thereby the notes drew interest from date. *Held*, That, as there was testimony

tending to show that the notes were to draw interest from date, and that the makers were partners, the erasure therefore bound the firm.

2. **Statute of Frauds.** A verbal contract to engage in the business of purchasing five car loads of baled hay, and dividing the same with the defendants, the value being in excess of $50, no part of the hay being delivered, nor any portion of the consideration paid, is within the statute of frauds, and void.

ERROR to the district court for Douglas county.   Tried below before DOANE, J.

*Breen & Duffie,* for plaintiffs in error, cited, as to the alteration: *Savings Bank v. Shaffer,* 9 Neb., 4; 1 Bates, Partnership, secs. 452–3a; Daniel, Neg. Inst., sec. 1401 ; *Kilkelly v. Martin,* 34 Wis., 525; *Booth v. Powers,* 56 N. Y., 22–31; as to the contract for purchasing the five car loads of hay: Greenleaf, Ev., sec. 481; *York v. Clemens* 41 Ia., 95; *Dodge v. Clyde,* 7 Rob. [N. Y.], 410 ; *Baldwin v. Burrows,* 47 N. Y., 199.

*Gregory, Day & Day, contra,* cited, as to the contract for purchasing the hay : *Russell v. R. Co.,* 39 N. W. Rep., 302; *Waterman v. Meigs,* 4 Cush. [Mass.], 497 ; *Gardner v. Joy,* 9 Met. [Mass.], 177.

MAXWELL, J.

The defendant in error brought an action in the district court of Douglas county on two promissory notes, as follows:

"$304.                    OMAHA, NEB., May 3, 1887.

" Three months after date we promise to pay John B. Heath, or order, three hundred and four dollars, for value received, with interest at the rate of eight per cent per annum from —— until paid.

" Due August 3, 1887.            W. W. MACE.
                                 " C. A. CLEMENT."

Mace v. Heath.

$304.                    OMAHA, NEB., May 3, 1887.

"Six months after date we promise to pay to John B. Heath, or order, three hundred and four dollars, for value received, with interest at the rate of ten per cent per annum from —— until paid.

"Due Nov. 3, 1887.                    W. W. MACE.

"C. A. CLEMENT."

There is also a count in the petition for goods, wares, merchandise, etc., sold and delivered to the defendants below.

The prayer is for $558, with interest from May 3, 1887.

The defendants below, in their answer, allege that the notes were to draw interest from maturity, but that the plaintiff erased the word "maturity."

"2d. They allege that the second cause of action set forth in the petition is the same as that for which the notes were given.

"3d. They plead a counter-claim in the sum of $250, for a violation by the defendant in error of a contract that he would not open another feed store in the vicinity of the place of business of the plaintiffs in error.

"4th. That the defendant in error entered into a contract with them to deliver five car loads of hay, which was to be purchased by him and shipped in his name, which contract he refused to perform."

The fifth ground is that they purchased a claim of $139.60 against the defendant in error prior to the bringing of this action.

On the trial of the cause, the defendants below filed a motion to require the plaintiff to elect upon which count of the petition he would proceed. This motion was overruled, and no point is made upon it, so that it need not be further noticed.

The court found in favor of the defendant in error and rendered judgment for $500.39.

The testimony shows that prior to May 3, 1887, the

plaintiff below had been engaged in the feed business in the city of Omaha. On that day the defendants below purchased the business, furniture, and fixtures, and lease of the premises of the plaintiff below. The price was $1,008. Of this amount the defendants below paid $400 in cash, and executed the two notes sued on. The notes were made out on printed forms and the words "Payable at the Merchants National Bank, of Omaha, Nebraska," were in the form, but Mr. Clement testifies that he filled the notes out and erased those words before the notes were signed. The word "maturity," which seems to have been in the printed form, was not erased at that time. This is claimed to have been done after the notes were executed and delivered. There is testimony tending to show that the notes should draw interest from date, and a day or two after the making of the notes, the plaintiff below seems to have called the attention of Mr. Clement to the fact that the notes were made not to draw interest until maturity. The word "maturity" was thereupon, by agreement, erased, and this, it is claimed, discharges Mr. Mace. We think differently, however. Mr. Mace and Mr. Clement are shown to have purchased the stock in partnership and continued to be partners for some considerable time afterwards. The change in question was simply making the notes conform to the contract, and was within the scope of the partnership business.

Second—The court below seems to have found that the contract in relation to the five car loads of hay was within the statute of frauds, and void. The amount of the property involved exceeded $50 in value, and no note or memorandum of the contract was made in writing, subscribed by the parties, to be charged thereby, nor were any portion of the goods accepted or received, or any part of the purchase money paid.

There was no error, therefore, in rejecting the claim. The plaintiffs in error have received the defendant in error's

property and are still indebted for the same in the amount found due by the district court. This should be paid. The judgment of the district court is

AFFIRMED.

THE other judges concur.