Mygatt, Appellant, vs. Tarbell, Respondent.

*December 1— December 16, 1890.*

*Executions: Priority of levy: Compromise between creditors: Statute of frauds: Consideration: Authority of agent: Ratification: Court and jury.*

1. An agreement between two execution creditors, each of whom claims priority in his levy upon certain property, to allow it to be sold under one execution and to divide the proceeds equally, is not a sale but a compromise, and need not be in writing in order to be valid under the statute of frauds (sec. 2308, R. S.).

2. The release of his levy by the junior execution creditor who had discovered the property and whose execution had been first levied thereon, is a sufficient consideration on his part to support the compromise agreement.

3. Evidence that the senior execution creditor was present when his attorney forbade the sale of the property under the junior execution, and that he afterwards availed himself of all the benefits of the compromise agreement, is *held* sufficient to carry to the jury the question whether he had not authorized his attorney to make such agreement or ratified it when made.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to recover one half of the proceeds of the sale of certain property under an execution. The facts are sufficiently stated in the opinion. The plaintiff appeals from a judgment of nonsuit.

*Glenway Maxon*, for the appellant.

For the respondent there was a brief by *Quarles, Spence & Quarles*, and oral argument by *Charles Quarles*.

ORTON, J.    The only facts necessary to an understanding of this case are as follows: The defendant, by his attorney, J. G. Flanders, Esq., on the 4th day of May, 1888, caused an execution to be issued on a judgment of nearly $32,000 in his favor and against one John E. Burton, and to be placed in the hands of the sheriff of Milwaukee county. The plaintiff, by Glenway Maxon, Esq., his attorney, caused an execution to be issued and placed in the hands of said sheriff, on a judgment in his favor and against said Burton, of nearly $12,000, on the 10th day of May, 1888. The said sheriff first attempted to levy the execution of the plaintiff on certain shares of stock of the Bessemer Consolidated Iron Company, held and owned by the said Burton, and the plaintiff claimed, and still claims, that such levy was actually and legally made. The sale of it was duly advertised by said sheriff, and on a certain day thereafter it was by him offered for sale, when the defendant together with his said attorney appeared and forbade such sale, claiming that he was entitled to the first levy on said stock, by reason of the priority of time his execution came into the hands of said sheriff. Thereupon said sale was postponed, and the said execution was afterwards returned unsatisfied. In the mean time, the defendant caused the said sheriff to levy on the said stock by virtue of his said execution. Both parties claimed priority over each other in the levy of their said executions, and so the matter stood when the plaintiff and defendant compromised these conflicting claims by and through their said attorneys, and it was agreed and understood by them that the defendant should cause another execution to be issued on his said judgment, and to be levied on said stock, and that the same be sold thereon, and

the proceeds of such sale should be divided equally between the parties. Accordingly a new execution was issued on the 16th day of August, 1888, on the defendant's judgment, and was levied on said stock, and it was afterwards on due notice sold for the sum of $2,686.61, exclusive of fees and expenses, and said sum was paid over to said defendant by the said sheriff. Afterwards the plaintiff demanded of the defendant his one-half of said money by virtue of said compromise, and the defendant refused, and this action is brought to recover the same.

These are the material facts proved, discarding any unimportant particulars. A nonsuit was granted on the motion of the defendant for the reasons (1) that there was no consideration shown for the alleged contract; (2) that the authority of Mr. Flanders to make the contract was not proved. The counsel of the defendant stated one other ground of the motion, and that was that the contract was void by the statute of frauds because not in writing. The same grounds are here urged by the learned counsel of the respondent for the affirmance of the judgment.

1. The contract was not a *sale*. It was a compromise of the conflicting claims of the parties in respect to their priority of levy on the stock, and so it was unquestionably understood by the attorneys of the parties who made it. The contract, therefore, need not have been in writing.

2. There was sufficient consideration of the contract by the plaintiff's yielding and surrendering his prior levy and lien on the stock. He had used great diligence in finding out what stock the said Burton held in said company, and had procured the proper certificate of the officer of the corporation having the custody of the books and papers, then out of the state, and the sheriff had actually levied on the stock, and so entered it on his execution. The learned counsel of the appellant claims that the defendant would not have known that said stock of the said Burton could

have been found and subjected to such a levy, if he had not in this way brought it to his knowledge, and that if the plaintiff had not discovered and levied on it the defendant would not probably have levied upon it at all. The levy of the plaintiff's execution appears to have been a good one (sec. 2989, R. S.; *People ex rel. Adams v. Goss & P. Mfg. Co.* 99 Ill. 355); and his lien on the stock, by the seizure of it by the sheriff, was valid notwithstanding his was the junior execution. *Knox v. Webster*, 18 Wis. 406. The plaintiff surrendered a valuable right as well as a claim to the property as the consideration of the contract of compromise on his part. This was certainly an ample consideration to support it. 1 Pars. Cont. §§ 440, 444.

3. It would seem that there was testimony sufficient to show the authority of Mr. Flanders, as the attorney of the defendant, to make the contract on his part. He was present with his attorney when he forbade the sale on the plaintiff's execution. Mr. Flanders was his counsel to advise him in respect to these conflicting claims of levy. He must have known that the plaintiff had a lien by his prior levy on the stock, and had surrendered it, and he must have known the reason why this was done. The contract was of great advantage to him. These circumstances tend to show the special authority of the attorney to make the contract, or the ratification of it by the defendant, and they should have been passed upon by the jury. The defendant has availed himself of the advantages of this contract, either with full knowledge of how it was made, or else has failed to inquire that he might know, and in either case he authorized or ratified the contract made by his agent. He is presumed to know that the plaintiff had an interest in the property and that he had surrendered it, and he either knew why this was done or he failed to inquire as to the reason why, as would seem to have been reasonable and his duty to do. These circumstances are evidence of ratifica-

tion.  Mechem, Ag. § 146 *et seq.*, and cases cited in notes. If the principal chooses to keep what he has obtained by the unauthorized act of his agent, he ratifies it.  *Nichols v. Shaffer*, 63 Mich. 599.  If he takes the advantage of the contract, he ratifies it.  *Beidman v. Goodell*, 56 Iowa, 592; *Eadie v. Ashbaugh*, 44 Iowa, 519.  It is presumed that the defendant was advised of the compromise, and if he received the benefits of it without any information of it he thereby ratified it.  *Meehan v. Forrester*, 52 N. Y. 277. The defendant cannot have the benefit of the compromise made by his agent, without adopting the whole contract. *Crans v. Hunter*, 28 N. Y. 389; *Culver v. Ashley*, 19 Pick. 300.  All that is necessary to decide on this point is that there was evidence tending to show that the attorney who made this compromise on behalf of the defendant either had authority to do so or that the defendant ratified it, and there certainly was such evidence.

The circuit court improperly took the case from the jury and granted a nonsuit.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.