CLEMENT, BANE & CO. *v.* MICHIGAN CLOTHING CO.

1. SALE—WHAT CONSTITUTES.
   In compliance with defendant's request, plaintiff gave defendant an option for 60 days to purchase a certain judgment at 35 cents on the dollar, defendant agreeing that plaintiff's claim "should have preference" next to that already held by defendant against the judgment debtor. Afterwards defendant wrote plaintiff to execute an instrument that would allow defendant to enforce the judgment in its own name, adding that, "of course, this will be on the understanding that, if we use the same, we shall pay you for the claim." Plaintiff sent an assignment of the judgment, stating that it was to be held in trust until defendant should decide whether it would buy "according to previous correspondence." Defendant subsequently brought suit against the judgment debtor, obtained judgment in which both claims were included, and received considerable property thereon. *Held*, that the transaction amounted to an absolute sale of the judgment.

2. CORPORATIONS—UNAUTHORIZED ACT OF AGENT—RATIFICATION.
   A corporation ratifies the unauthorized contract of one of its officers by accepting and retaining the proceeds of the contract.

3. SAME—CONTRACTS—ULTRA VIRES.
   A corporation, having received the benefits of a contract not unlawful in itself, cannot be heard to say that it was not within its power to enter into the same.

Error to Ionia; Davis, J. Submitted June 5, 1896. Decided July 28, 1896.

*Assumpsit* by Clement, Bané & Company, a corporation, against the Michigan Clothing Company, for the purchase price of a judgment assigned to the defendant. From a judgment for defendant, plaintiff brings error. Reversed.

*William O. Webster* (*Henry J. Horrigan*, of counsel), for appellant.

*Vernon H. Smith*, for appellee.

MOORE, J.   The case was tried before the court without a jury.   In brief, the facts are: The plaintiff is a corporation under the laws of Illinois, and defendant is a corporation under the laws of Michigan.   The plaintiff recovered a judgment against Thomas Bates in the Muskegon circuit court, on or about May 12, 1893, for $2,528.17, and costs were taxed at $20.   The purpose of defendant's organization as a corporation is the manufacture and sale of clothing.   The business of defendant corporation is under the control of a board of directors consisting of nine persons.   Thad B. Preston was and is the secretary, treasurer, and general manager of the defendant corporation.   On May 16, 1893, Thomas Bates was indebted to defendant in the sum of $432.   Thad B. Preston, May 16, 1893, began a correspondence with plaintiff about the purchase of its judgment against Bates, the letter reading:

*"Gentlemen:*   Referring to claim *v.* Thomas Bates, Muskegon, Mich., we had given up getting anything out of this matter, until, some little time since, from a 'pointer' we received, we put detectives at work, and, from reports received today, think we have a small amount of property where we are justified in proceeding against it.   Our claim is $432.   Our expenses will be as yet uncertain; but we think we can get you out 35 per cent. on your claim if the amount is about $2,600.   We will not agree to do this, but will take an option on it at that figure for 60 days (though we will probably know definitely in 15 days), on the understanding that yours shall have preference next to ours.   We have made this offer to no one else, and will not until we hear from you, and ask you to treat this in strict confidence.   Please wire, 'Yes,' or 'No.'

"Yours,
"THAD B. PRESTON."

He received the following reply:

" MICHIGAN CLOTHING CO.,
    " Ionia, Mich.
  " Yes.
                            " CLEMENT, BANE & CO."

Plaintiff, on the same day, sent this letter:

" MICHIGAN CLOTHING CO.,
    " Ionia, Mich.,
  " THAD B. PRESTON, Secretary.
  "*Dear Sir:* We have your favor of 16th inst., requesting the option for 60 days on our claim against Thomas Bates at 35 cents on the dollar.   We have wired you as instructed, 'yes.'   We will give you the option as above stated, and, although it will prove quite a loss to us, we hope you will make some money out of it.   The claim is now in judgment, dated May 12th, $2,528.17, drawing interest at 6 per cent.   You say you will probably know within 15 days, and, as soon as you do, we will be pleased to hear from you.
                        " Yours very truly,
                            " CLEMENT, BANE & CO."

The following was sent:

  " *Gentlemen:* Referring to the matter *v.* Thomas Bates, you do not state to us in what court you have obtained judgment against Mr. Bates.   We wish that you would have your attorneys execute to us such an instrument as will allow us to proceed on your claim in our own name, in case we find it necessary.   Of course, this will be on the understanding that, if we use the same, we shall pay you for the claim.   We make this request that we may have all of our papers in proper shape, in case we desire to proceed in the matter.
                        " Yours truly,
                            " THAD B. PRESTON."

The reply was as follows:

" MICHIGAN CLOTHING CO.,
    " Ionia, Mich.
  " *Gentlemen:* Replying to your favor of the 20th inst. Our judgment against Thomas Bates is recorded May 12th, in the circuit court of Muskegon county.   We suppose the proper 'way to transfer this to you, in case

you decide to buy it, will be to make an assignment
of the judgment to you.  We will instruct our attorneys
to prepare this.

"Yours very truly,

"CLEMENT, BANE & CO."

They were instructed to have assignment made at once.
This reply was sent:

"MICHIGAN CLOTHING CO.,
        "Ionia, Mich.

"*Gentlemen:* Replying to your favor of the 24th inst.
We hand you herewith an assignment of our judgment
*v.* Thomas Bates, as requested.  This is to be held by
you in trust until you decide whether you will buy it
of us at 35 cents on the dollar, according to our previous
correspondence.  Please acknowledge receipt.

"Yours very truly,

"CLEMENT, BANE & CO."

This reply was sent:

"*Gentlemen:* Yours of 25th inst.  We are in receipt
of assignment of judgment *v.* Thomas Bates, that you
sent us, and accept same on conditions that you specify.
We think now there is but little doubt but what we shall
use same, and will advise you promptly regarding it.

"Yours truly,

"THAD B. PRESTON."

The following was sent:

"*Gents:* Our attorneys have drawn within assignment
of judgment, which please execute in lieu of one sent us,
and return.

"Yours truly,

"T. B. PRESTON.

All the letters sent by Preston were on the letter heads
of defendant, and Preston testified that he always signed
defendant's business correspondence, "Thad B. Preston."

May 31, 1893, plaintiff made a formal assignment of
the claim to defendant, and inclosed it in a letter of the
same date, reading:

"MICHIGAN CLOTHING CO.,
    "Ionia, Mich.
    "*Gentlemen:* Replying to your favor of 30th inst. We have executed and inclose herewith the assignment of our judgment against Thomas Bates as prepared by your attorney. This is sent you on the same conditions as the previous assignment, and is to take the place of that. You will please return the other one.
                        "Yours very truly,
                        "CLEMENT, BANE & CO."

Afterwards Preston caused a suit to be begun against Bates, by attachment, in the Muskegon circuit, in the name of defendant, he swearing he was its agent, and authorized to make the affidavit in its behalf, and recovered judgment against Bates, including in the same the claim of the Michigan Clothing Company of $432, and the judgment recovered by plaintiff against Bates, and assigned to defendant. The defendant corporation never authorized Preston to purchase the judgment, never ratified its purchase, never authorized or ratified its assignment, never authorized any suit to be brought in its name on the same, and never ratified Preston's acts in that regard by any formal resolution. The matter was never before the board of directors. After the assignment of the judgment to defendant, and recovering of judgment by it, Preston caused execution to be issued, and certain lands were levied on in Kent county, and certain merchandise obtained in Ohio. The merchandise was sold for about $1,700, and, from the proceeds, the debt due the Michigan Clothing Company, of $432, was paid, and the costs and expenses of litigation, amounting to about $1,200; and there was left in the hands of Preston about $25, from which taxes on land held in trust for parties to this suit were due, to the amount of $19. After recovering the judgment against Bates, certain lands were deeded by Bates to McKnight, in trust for defendant, and a judgment was assigned to McKnight in trust; the land being worth about $1,800, but the judgment of no value.

McKnight had charge of the litigation for defendant as its attorney.

January 6, 1894, Preston wrote to plaintiff, inclosing copy of deed to McKnight, explaining the situation and the condition of property held by McKnight in trust. On the 8th of January, 1894, plaintiff replied as follows:

"*Gentlemen:* We have your favor of the 6th inst., regarding the Thomas Bates matter, and we return the papers herewith.    At the time we received your offer, we inferred you would make the settlement with us in 60 days, as that was the time you asked for option on our claim. However, as you say, we would have doubtless been left out entirely but for the effort you have made.    We are willing to accept the situation as it is, and trust you will soon realize on the property and judgment which you hold.

"Yours very truly,
"CLEMENT, BANE & CO."

Other correspondence followed, but we have given all that is necessary to understand the questions involved.

On the trial, counsel for plaintiff, upon the request of counsel for defendant, stated that he claimed the right to recover on the second count in his declaration. It was the claim of the plaintiff that it sold its claim against Bates for 35 cents on the dollar, to the defendant, and that it was entitled to its pay after 60 days; that it was dealing with the defendant company, and not with Preston; that it was competent for the defendant company to purchase the claim of plaintiff, and join it with the claim of defendant against Bates, so as to lessen the expense of litigation; that Preston had the authority, as general manager, secretary and treasurer of defendant company, to do this, whether authorized by formal action of the directors or not.    The plaintiff also claims that, whether Preston had authority in the first instance to make this purchase or not, the defendant having allowed the claim to be sued, with its claim and in its name, and having received, on a judgment so obtained, merchandise to the amount of $1,700, at least $450 of

which it applied on its debt, and $1,200 for costs and expenses of litigation, and having received a large quantity of real estate from Bates to satisfy said judgment, the deed to which now stands in the name of McKnight, its attorney, as trustee for defendant, to be applied towards the payment of said judgment, by these acts it has ratified the purchase by Preston in its name, and is estopped from questioning his authority.

It is the claim of the defendant that—

" The purchase of this judgment was outside the business of the defendant corporation, and the corporation has no power to purchase it; hence a contract of purchase by it would be void.

" Even if the corporation could make such contract, it was outside the business of the corporation, and Preston could not make it without express authority. No authority is shown. Hence Preston could not make it. It was not a corporate contract when made, and no ratification is shown.

" Preston's act, never being authorized by the defendant, did not bind it, and by his own acts he could not ratify what he had done without authority, and no other acts save his own are shown.

" Even if this was a corporate contract, plaintiff cannot recover, as it has not shown such facts as entitle it to judgment under the count it seeks to recover under and the contract it attempts to prove. Under plaintiff's own theory, the findings, and the evidence, it would be necessary for plaintiff to show something in defendant's hands after the payment of defendant's claim, before it would have any right to a judgment. This it has not shown.

" Nothing but a trust is shown. There is no legal liability."

The learned judge accepted the view of the defendant, and rendered a judgment in its favor.

The first question to be discussed is, what did the correspondence establish? The letter first written, and the telegram sent in reply, gave the defendant an option to purchase the claim at 35 per cent. The letter of May 20th, asking plaintiff to have its attorneys execute an instrument that would allow defendant to proceed with the

claim in its name, with the statement, "Of course, this will be on the understanding that, if we use the same, we shall pay you for the claim," followed by the other correspondence, the making of the assignment, and the use of the claim by the defendant, constitute, in our judgment, a purchase of the claim at 35 cents on the dollar.

We do not need to determine whether, growing out of the fact that he was general manager, Preston would have authority to make this contract or not. Under the facts shown by the record, the defendant must be deemed to have ratified the contract of Preston. It has inured to its benefit. It has received a large amount of property by reason of the contract. It cannot keep the proceeds of the contract, and at the same time repudiate it. See *Jones* v. *School District No. 3, ante,* 363, and cases cited therein; *Nichols, Shepard & Co.* v. *Shaffer,* 63 Mich. 599; *Busch* v. *Wilcox,* 82 Mich. 315 (21 Am. St. Rep. 563). As to the claim that the contract is *ultra vires,* and for that reason cannot be enforced, see *Bissell* v. *Railroad Co.,* 22 N. Y. 258; *Whitney Arms Co.* v. *Barlow,* 63 N. Y. 62 (20 Am. Rep. 504).

The judgment is reversed, and judgment entered here, on the findings, for plaintiff.

The other Justices concurred.