## FRANK W. MASON *vs.* HARRY C. SPILLER.

Suffolk.    January 14, 1904. — September 6, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Frauds, Statute of.    Partnership.*

Two partners dissolving a partnership, with only two bonds as assets and with no debts except for the purchase money for the two bonds, which had been advanced by one of the partners, orally agreed that each partner should take one of the bonds at its cost price, the partner who had advanced the purchase money agreeing to carry the bond of the other partner for a week or two to enable him to sell it or raise the money to pay for it. On his failing for several months to do either, he who had advanced the money sold the bond at public auction after notice to his former partner, and, the price realized being less than the firm paid for it, sued his former partner for the difference. *Held*, that this was not a contract of sale within the statute of frauds, and that the plaintiff should have judgment.

LATHROP, J.    The parties to this action had been associated together as partners, and while so associated had bought two bonds of a railroad company.    The firm had no capital and the plaintiff advanced the money for the purchase, and retained the bonds as security.    Subsequently the firm dissolved.    It had no debts or accounts receivable.    Its only liability was the debt due to the plaintiff for the bonds.    In this state of affairs, the parties divided some small articles of the partnership property and entered into an oral agreement by which the plaintiff was to take one of the bonds and the defendant the other at the cost price, the plaintiff agreeing to carry one of the bonds for the defendant for a week or two, in order that the defendant might have time to find a purchaser, or otherwise raise the money.    The plaintiff

carried the bond for several months, and made reasonable efforts to get the defendant to take it off his hands. Subsequently, the plaintiff notified the defendant that the bond would be sold by public auction on a certain day, unless the defendant took it up. The bond was sold and brought less than the firm paid for it; and this action is brought to recover the difference.

The judge ruled that the agreement was a contract for the sale of goods, wares and merchandise within the statute, and found for the defendant. At the request of the plaintiff, the judge reported the case for our consideration.

We are of opinion that the case was not within the statute of frauds. Pub. Sts. c. 78, § 5, now the R. L. c. 74, § 5. The two railroad bonds were bought by the firm and were its property, subject to the lien of the plaintiff for the price. On the dissolution of the firm, there was no contract for the sale of the bonds from one partner to another, but they still remained as assets of the firm to be divided as the former partners might agree. This might be done by an oral agreement as well as by a written one. The plaintiff did not agree to sell one of the bonds to the defendant, but it was agreed that each partner should take a bond, and that the plaintiff should hold the defendant's bond, or " carry it for him," to use the language of the report. This was to secure to the plaintiff his lien on the bond. The transfer of title between the parties was executed and not executory. As there was no contract of sale, the case is not within the statute. See *Bullard* v. *Smith*, 139 Mass. 492.

*Judgment for the plaintiff.*

*C. B. Sias*, for the plaintiff.

*B. C. Moulton*, for the defendant.