### HAGOP BOGIGIAN *vs.* MEHMET HASSANOFF.

Suffolk. December 17, 1903. — September 8, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Frauds, Statute of,* Sale of goods, wares or merchandise. *Mortgage,* Of chattels. *Practice, Civil,* Master's report.

A contract between one who has advanced money, taking as security a storage receipt for certain goods and later a bill of sale of the goods, and the owner of the goods, by which it is agreed that the goods shall be sold by the combined efforts of the parties, on the terms and conditions agreed upon, and the proceeds applied to reimbursing and compensating the lender of the money, the balance to go to the owner of the goods, is not a contract for the sale of goods, wares or merchandise within the meaning of the statute of frauds.

Whether a mortgage of personal property is a contract for the sale of goods, wares or merchandise within the meaning of the statute of frauds, *quære.*

Where a master's report does not state the evidence the correctness of his findings on matters of fact cannot be considered.

MORTON, J.   This was originally an action at law brought by trustee process in the municipal court of Boston.   It was changed into a bill in equity by an interlocutory decree of the Superior Court, from which no appeal was taken and in regard to which no question appears to have been raised.   The plaintiff seeks to recover a certain sum of money alleged to have been advanced by him to and for the defendant for which he holds as security a storage receipt for certain goods belonging to the defendant in storage at Long Wharf in Boston, and also damages for the breach of a contract entered into between the plaintiff and the defendant in regard to the sale of the same, or the same and other goods in storage at Long Wharf, and the redemption and sale of goods in London all belonging to the defendant, and the advancement of money by the plaintiff for the purpose of paying the duties and storage charges on the goods and for other purposes, and the rendering of services by the plaintiff in connection with the sale of the goods.   The defendant set up amongst other defences that the alleged agreement was within the statute of frauds.   The case was sent to a master who found that the plaintiff had lent the defendant the sums alleged and had received, as security therefor, the warehouse receipt of the defendant's goods and that later, as a part of the agreement between the parties a bill of sale of the goods on storage at Long Wharf was executed by the defendant to the plaintiff.   The master also found that an oral agreement, which was reduced to writing but not signed, was entered into between the parties, and that a copy of this agreement was duly set out as a part of the defendant's answer. He ruled that the agreement constituted a mortgage of personal property and was not within the statute of frauds, and reported in favor of the plaintiff.   Upon the coming in of the master's report the defendant filed objections and exceptions thereto, and, it appearing that the master had not found as a fact that the plaintiff had made any effort or offer to advance the money as agreed, or that performance on his part had been obstructed or prevented by the defendant, the report was recommitted to him " to report the facts concerning the breach of the alleged agreement." The defendant filed objections and exceptions to the supplemental report.   The exceptions to both reports were overruled, except that relating to the assessment of damages, which was

sustained so far as to reduce the damages from $720, as found by the master, to $450, and a decree was entered in favor of the plaintiff. The defendant appealed. The exceptions relied on are the first, second and third to the first report, and those to the supplemental report.

The exceptions to the first report raise the question, set up in the answer, namely, whether the alleged agreement is within the statute of frauds. We think it is plain that it is not. The transaction was not a sale of goods by the defendant to the plaintiff, conditional or otherwise, but was a transaction in which goods belonging to the defendant were to be sold as the result of a joint undertaking by the combined efforts of the plaintiff and the defendant, on the terms and conditions agreed upon, and the proceeds applied first to reimbursing and compensating the plaintiff, the balance to go to the defendant. In the meantime, to secure the plaintiff for the advances which by the terms of the agreement he was to make for the payment of duties and for rent and salaries and for his own services, the defendant executed to him as a part of the transaction, as is found by the master, a bill of sale of the goods.

This was the transaction in substance. Notwithstanding the bill of sale, the agreement proceeded on the footing that the defendant retained an interest in the goods, and was the beneficial owner. What was to be advanced by the plaintiff was to be advanced, not as a part of the price or value of the goods, for no price or value was agreed upon, but as part of a common undertaking which had for its object the ultimate sale of the defendant's goods in the course of trade to customers. The transaction did not, therefore, constitute, in any just sense, a sale of goods, wares or merchandise within the meaning of the statute of frauds. *Bullard* v. *Smith*, 139 Mass. 492. It is not necessary to consider whether if executed and recorded the writing would have constituted a mortgage, and, if so, whether a mortgage of personal property is within the statute of frauds ; as to which see *Gleason* v. *Drew*, 9 Greenl. 79, and Browne, St. Frauds, § 294, in which that case is criticised. The master's ruling that the agreement was not within the statute of frauds was right, irrespective of the reason which he gave for it.

The question raised by the exceptions to the supplemental re-

port is in substance that the master erred in finding, as he did, that the defendant was to execute certain papers to the plaintiff before the plaintiff was to advance the money required and agreed upon, and that the plaintiff was relieved by the conduct of the defendant from making any further .offer or tender than that which he did make. So far as the question raised involves matters of fact, it is enough to say, that the evidence is not reported, and the correctness or incorrectness of the findings cannot, therefore, be considered. So far as the question involves matters of law we see no error in the overruling of the exceptions.

*Decree affirmed.*

*C. W. Spencer*, for the defendant.
*W. B. Grant*, for the plaintiff.