STACK and others, Appellants, vs. ROTH BROTHERS COMPANY, Respondent.

*January 11—February 1, 1916.*

*Contracts: Validity: Statute of frauds: Contract for sale of goods: Agreement to buy jointly and divide: Consideration: Mutual promises: Judicial sale: Chilling bidding: Breach of contract: Damages: Pleading.*

1. The statute of frauds (sec. 2308, Stats.) relative to contracts for the sale of goods for the price of $50 or more is applicable only to contracts between seller and buyer; and an oral agreement to buy jointly and afterwards divide a bankrupt stock of goods was not void under that statute nor under the Uniform Sales Act (sec. 1684*t*—4, Stats.).

2. The fact that as to some of the goods the inventory value was to measure their division value did not change such an agreement from one of division to one of sale.

3. Each of the parties thereto having agreed to furnish one half of the purchase price, the agreement was not *nudum pactum*, such promises being performable, concurrent, and mutually binding upon both parties at the same time.

4. Agreements to bid jointly at a public sale, if not made for the purpose of chilling or suppressing bidding, are valid.

5. In an action for breach of an agreement to buy jointly and afterwards divide a large bankrupt stock of goods, upon a demurrer *ore tenus* to the complaint damage to the plaintiffs is sufficiently shown by allegations that it was necessary for them to make financial arrangements for the half of the price which they were to furnish, and by a statement of their counsel (which it was agreed the court might consider) that they were advised of defendant's repudiation of the contract at the last moment, when they were not able to take care of themselves.

APPEAL from a judgment of the circuit court for Douglas county: E. C. HIGBEE, Judge. *Reversed.*

Action to recover damages for the breach of an oral contract to jointly purchase a stock of goods and divide the same after the purchase.

The allegations in the complaint material to the questions raised on appeal are that there was in Superior a bankrupt stock of goods of the wholesale value of $170,863.12 advertised for sale on a certain date; that a short time previous to said date the plaintiffs and the defendant entered into a contract wherein

"it was mutually promised, understood, and agreed, among other things, that in consideration of the mutual promises of the parties, said parties should bid at said auction sale not to exceed the sum of one hundred twenty thousand dollars ($120,000), and should buy the said stock of merchandise and said store fixtures, provided the same could be bought for not to exceed said sum, and that such bids were to be made and such stock and fixtures purchased for the joint benefit of both parties.  It was further mutually understood and agreed, that if the parties, or either of them, were the successful bidders and said stock and fixtures were purchased

by them or either of them, each of said parties should contribute one half of the amount of the bid upon which said stock and fixtures were purchased; that the store fixtures should be taken by the plaintiffs at fifty per cent. of the inventory value thereof; that the men's clothing and men's shoes should be sold in bulk, and the money realized from the sale thereof equally divided; that said *Roth Brothers Company* should be assigned and should take all the ladies' and children's shoes, and all the house furnishings; that plaintiffs should be assigned and should take all the cloaks, suits, and furs, and that the balance of said stock should then be divided between the parties *pro rata.* That relying upon the promises and agreements of the defendant aforesaid, plaintiffs made arrangements to obtain the necessary amount of money, and to carry out the contract on their part, and, on the day of said sale, and before and at the hour set for the same, appeared at the place at which said sale was advertised to be made, ready and willing to carry out and perform the aforesaid contract on their part; that the defendants, then and there, repudiated said contract, and refused to perform the same, and the said defendants, then and there, bid on said stock and said fixtures at said auction sale and were the successful bidders thereat, and purchased the said stock and the said fixtures at said sale for the sum of one hundred one thousand seven hundred fifty ($101,750) dollars, and wholly refused to carry out said contract or to assign or transfer to the plaintiffs said store fixtures and the portion of said stock which it was agreed should be assigned to plaintiffs, or any part thereof, but, on the contrary, said defendants retained the whole of said property for their sole benefit and profit, contrary to the terms of the agreement aforesaid."

Plaintiffs demand judgment in the sum of $26,405.68.

At the opening of the trial plaintiffs' counsel stated that the contract was oral; also that the defendant on the day of the sale and before the bidding began notified plaintiffs that it repudiated the contract. But he further stated, "they [plaintiffs] came there ready to carry out their agreement and at the last second were put in a position not to be able to take care of themselves." The parties agreed that the state-

ments of plaintiffs' counsel that the contract was oral, and was repudiated by defendant before sale, should be considered by the court in ruling upon a demurrer *ore tenus* to the complaint. The court sustained the demurrer upon the ground that the alleged contract was *nudum pactum,* and from a judgment dismissing the action the plaintiffs appealed.

For the appellants there was a brief by *Grace, Hudnall & Fridley* and *W. P. Crawford,* and oral argument by *Mr. C. R. Fridley* and *Mr. Crawford.*

For the respondent there was a brief by *Hanitch & Hartley,* and oral argument by *Louis Hanitch* and *C. J. Hartley.*

VINJE, J. The defendant seeks to sustain the judgment on two grounds: first, because the contract is void under the statute of frauds, sec. 2308, Stats. 1915, and the Uniform Sales Act, sec. 1684*t*—4, Stats. 1915; and second, because the contract is *nudum pactum* and, no part of the same having been executed and the plaintiffs not having been placed at a disadvantage by the repudiation thereof, no recovery can be had. Though the court disposed of the case on the second ground, counsel for defendant, if we understand them correctly, place more reliance upon the first ground stated. They argue that the complaint presents a case where joint owners agree to sell to one of the joint owners part of the property at a fixed price, and that such agreement comes within the statute of frauds and the Uniform Sales Act and is therefore void. The only case cited as being directly in point is *Mace v. Heath,* 30 Neb. 620, 46 N. W. 918. The syllabus sustains the claim made, but the facts of the case do not. There is a fatal variance between the two. The syllabus states:

"A verbal contract to engage in the business of purchasing five carloads of baled hay, and dividing the same with the defendants, the value being in excess of $50, no part of the hay being delivered, nor any portion of the consideration being paid, is within the statute of frauds, and void."

The facts as stated in the opinion are that the defendant in error entered into an oral agreement with the plaintiffs in error to sell and deliver to them five carloads of hay, which was to be purchased by him and shipped in his name. In a counterclaim they ask damages for the breach of such oral contract. Obviously an unexecuted oral contract by A. to sell to B. and C. hay of the value of more than $50 is void under the statute of frauds. There was no joint venture or partnership feature about the transaction. It was simply an oral agreement by one party to sell hay to two parties.

The case of *Wiley v. Wiley,* 115 Md. 646, 81 Atl. 180, relied upon by the defendant, was one where two parties orally agreed to jointly farm a certain tract of land to be purchased; to apply the profits on the purchase price, and when the tract was paid for each should receive a deed of a one-half interest therein. The grantor deeded to one of the parties and the other brought an action against his copartner for specific performance. The court held he was not entitled thereto, as his oral agreement was void under the statute of frauds, requiring an agreement for an interest in land to be in writing. The court, however, awarded him compensation for the value of his share of the profits with interest. The case of *Green v. Drummond,* 31 Md. 71, is very similar in its facts. Both cases were held to be within the statute because an interest in land was sought to be enforced through an oral agreement. The present case is not such a one. It is more like that of *Bullard v. Smith,* 139 Mass. 492, 2 N. E. 86, in which it was held that an oral agreement to share equally in the profits and losses resulting from the purchase and sale of stock already owned by one of the parties to the agreement was not within the statute of frauds. In *Mason v. Spiller,* 186 Mass. 346, 71 N. E. 779, an oral agreement between parties for a division of the remaining partnership property was held not to be within the statute because there was no contract of sale. So, also, in *Bogigian v. Hassanoff,* 186 Mass. 380, 71 N. E.

789, it was held that an oral agreement between the owner of goods and one who had advanced money on them that they should be sold by the combined efforts of the parties on terms and conditions agreed upon and the proceeds applied to compensating the lender to the amount advanced and the balance to go to the owner, was not within the statute of frauds.

In *Mygatt v. Tarbell,* 78 Wis. 351, 47 N. W. 618, it was held that an agreement between two execution creditors, each of whom claimed priority in his levy upon certain property, to allow it to be sold under one execution and to divide the proceeds equally, was not void under the statute of frauds as a sale of the property. The same was held in *Hunt v. Elliott,* 80 Ind. 245, where two mortgagors of personal property orally agreed that one should bid it in at a judicial sale and dispose of it for the benefit of both.

An oral agreement for the joint purchase of a sloop is not within the statute of frauds. *Reeves v. Goff,* Penn. (N. J.) 609. So an oral agreement to purchase property at the request of another, hold it, and upon being reimbursed for his expense and trouble transfer it to the other, is not within the statute because it is not an agreement to sell from one to the other. *Blair v. Lynch,* 20 N. Y. Wkly. Dig. 575. This case was reversed upon another ground by the court of appeals in 105 N. Y. 636, 11 N. E. 947, where the question of the statute of frauds is not discussed. In *Colt v. Clapp,* 127 Mass. 476, 480, it is stated that the statute of frauds relative to the sale of goods of the value of $50 or more is applicable only to contracts between seller and buyer. This rule was recognized by our court in *Brown v. Slauson,* 23 Wis. 244, where it was held that since the oral agreement between plaintiff and defendant was that the latter should buy a boat and afterwards sell plaintiff a quarter interest therein, and not, as contended by plaintiff, an oral agreement for a joint purchase of the specified interests, it was void under the statute of frauds. A like ruling was made in *Lewin v.*

*Stewart,* 17 How. Pr. 5, where it was unsuccessfully sought to show that the purchase of cotton was a joint purchase instead of a purchase by one and a resale to the other. But in *Dodge v. Clyde,* 7 Rob. (N. Y.) 410, where it was shown that three parties were jointly interested in the purchase of a ferry-boat, it was held that the statute did not apply because there was no sale from one to the others, but merely a division of interests growing out of a joint purchase. For somewhat analogous cases held not to be within the statute see Smith on the Law of Fraud, § 373, sub. (e).

It will be seen from the preceding cases that wherever there has been an oral agreement to buy jointly it has been held not to be within the statute, irrespective of whether the joint property so bought was to be sold and the proceeds divided or the property itself divided *in specie.* In the case at bar the agreement is for both kinds of division. The fact that as to some of the property the inventory value is to measure its division value does not change the agreement from one of division to one of sale. The parties do not stand in the relation of seller and buyer. They agree to buy jointly and to divide what they buy.

The argument of defendant's counsel that the cases involving a partnership relation were so decided because the general partnership agreement determined the share each was to take upon a division does not seem to be borne out by the cases themselves. In each of them the oral agreement contained the terms of division, and it was this agreement together with that of joint purchase that was held valid. The conclusion we reach both upon principle and authority is that the oral agreement pleaded is not within the statute of frauds, sec. 2308, Stats. 1915, nor within the Uniform Sales Act, sec. 1684*t*—4, Stats. 1915.

It is quite evident that the agreement was not *nudum pactum.* The consideration was a promise for a promise. Plaintiffs agreed to furnish one half the purchase price and

the defendant to furnish the other half.   Such promises were performable, concurrent, and mutually binding upon both parties at the same time.   This satisfies the call of the law. *Hopkins v. Racine M. & W. I. Co.* 137 Wis. 583, 119 N. W. 301; 6 Ruling Case Law, 676 *et seq.*

The agreement to buy jointly at the public sale was valid. This was a sale of a large stock, and it must be presumed from the allegations of the complaint to the effect that it was necessary for plaintiffs to make arrangements to procure one half the purchase price that they could not handle the stock alone.   Agreements to bid jointly at a public sale, if not made for the purpose of chilling or suppressing bidding, are valid. *Hunt v. Elliott,* 80 Ind. 245; 6 Ruling Case Law, 811 and cases cited.

The claim that plaintiffs were not put to a disadvantage by a breach of the contract on the day of the sale is not sustained by the allegations of the complaint charging that it was necessary for them to make financial arrangements for one half the purchase price and the oral statement of their counsel that they were advised of the breach at the last second when they were not able to take care of themselves.   Upon a demurrer *ore tenus* these allegations and statements of counsel, which the parties agreed might be considered, *prima facie* show damage.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.