THOMSEN, Respondent, vs. OLSON and others, Appellants.

*September 10—October 8, 1935.*

146

148

For the appellants there were briefs by *Smith & Kelley* of Fort Atkinson, and oral argument by *John M. Kelley, Jr.*

For the respondent there was a brief by *Rogers & Vance* of Fort Atkinson, attorneys, and *Olin & Butler* of Madison of counsel, and oral argument by *Sheldon Vance* and by *R. M. Rieser* of Madison.

FOWLER, J. The case is before us on an appeal from an order overruling a demurrer to a complaint for insufficiency of the facts stated to constitute a cause of action. The action is based on an alleged breach by the defendant, O. T. Olson, of the contract evidenced by the written instrument set out verbatim in the above statement of facts, and perhaps as to other defendants upon an alleged conspiracy to breach that contract. The writing evidences an agreement between the parties to it, who with one Meier owned all the stock of the corporation, to buy from Meier for the corporation all of his stock, consisting of one hundred and thirty-five shares, and divide it between themselves. Other material facts appearing from the complaint are that one hundred and thirty shares of Meier's stock were procured by the parties to the contract and divided equally between them. The other five shares were not at the time procured but were later procured by Olson. He refused to divide this stock with the plaintiff. The five shares had been withheld by Meier upon the insistence of the bank from which $5,000 was borrowed by the corporation to complete the payment to Meier for the one hundred and thirty shares, and as a condition of the bank's making the loan. The note evidencing the loan by the bank was paid some ten months after its execution. Until then the five shares of stock could not be procured. They were procured by Olson two months after the note was paid.

The plaintiff contends that the writing is a valid contract, obligating the parties to buy all Meier's stock for the corporation and on procuring it to divide it between the parties to the contract; that the five shares of stock procured by Olson were within the contemplation of the contract, and the contract bound Olson, if he procured it, to procure it for the

corporation and to divide it with the plaintiff; and that his failure to so purchase and divide it constituted a breach of the contract for which he is entitled to relief.

The defendants contend that, (1) the contract is void because the parties acted as individuals and as such had no power to bind the corporation, and (2) the contract is void because it is without consideration. (3) Either party could buy stock for himself because the contract contains no clause restraining him from so doing. (4) If the contract restrains a party to it from buying for himself, it was so modified as to absolve him from such restraint as to the five shares retained by Meier when the parties permitted him to retain such shares at the request of the bank. (5) The plaintiff is barred by laches from now objecting to the purchase for himself of the five shares by Olson. (6) Several matters mentioned do not constitute fraud or legal wrong against the plaintiff.

(1) The situation involved is quite similar to that involved in *Schilling & Schneider Brewing Co. v. Schneider,* 110 Mo. 83, 19 S. W. 67, wherein the stock of the brewing company was held by three stockholders. Two of them agreed to buy the stock owned by the third, to be paid for in part by the proceeds of the corporation's note, and the rest by the notes of the purchasers to be paid for out of the corporate earnings. The agreement was held valid. It was carried out according to its terms. The purchase was held by the court to be on account of the two parties to the contract, not on account of the corporation. The contract was held immune from attack both by the heirs of the seller and the corporation. Much less could the contract be avoided by the parties to it. The opinion states that in upholding the contract it was not departing from the rule that officers of a corporation cannot deal with the funds of the corporation for their own benefit, but that the rule had no application to the facts of the case. The two stockholders "had a perfect right to buy the stock. After that purchase, they owned all the

stock, and it was entirely competent and proper for them to agree that it should be paid for out of the earnings of the corporation. These earnings belonged to them as stockholders, and became their individual property." With this we agree. No possible injury could result to the corporation or its stockholders from carrying out the agreement as made, because on purchasing Meier's stock, the two remaining stockholders would become the sole owners of the corporate property and of the corporation's future earnings. Olson and Thomsen, on becoming the owners in equal share of all the corporate earnings, could rightly use those earnings for their own benefit, whether for paying for the stock of Meier or otherwise. Also, on becoming the owners of Meier's stock they became the owners of the corporate funds and could rightly use those funds to pay Meier.

The contract of the parties was, in effect, to buy Meier's stock for themselves and divide it equally, and to use the corporate funds and earnings of which on consummation of the purchase they would be the sole owners, to pay the purchase price. This view renders it unnecessary to consider the proposition contended for by the appellants that stock can be purchased by a corporation only by its officers pursuant to action of its directors at a directors' meeting.

(2) The contract plainly implies a promise by each party to it to divide the stock equally between themselves when it should be purchased. It is elementary that in executory contracts the promise of one party is a consideration for the promise of the other and validates the contract. *Stack v. Roth Brothers Co.* 162 Wis. 281, 156 N. W. 148.

(3) We are of opinion that the obligation undertaken by each party to buy the stock for the corporation, and to divide it with the other when it should be procured, necessarily implies that he would and could not purchase any of it for himself and refuse to divide it with the other. It was not necessary to incorporate in the agreement an express provision imposing such restraint.

(4) We are of opinion that the retention of the five shares by Meier to satisfy the bank's demands did not operate to modify the contract so as to limit its application to the one hundred and thirty shares first purchased, and to leave each party free to purchase the retained shares for his own benefit. The original agreement would continue in force until fully performed unless abandoned or modified. Of course, if the facts alleged in the complaint were such as to show as matter of law that the contract was modified, the point would be well taken. But that the contract was continued in force for completion of performance after part performance of it is not inconsistent with the facts alleged. On the payment of the bank's note, the bank's interest in Meier's retention of the stock ceased, and left the stock subject to purchase under the agreement. Being so subject, neither party could on procuring it free himself from the contract obligation to divide it with the other. That obligation was to divide the stock if it was purchased. It was purchased, and upon the purchase division of it became obligatory. Contracts cannot be modified except by agreement of the parties to it. As continuance of the contract in force is consistent with the allegations of the complaint, it is for the defendants to allege and prove an agreement of modification if there was such an agreement.

(5) The complaint alleges that the plaintiff did not discover Olson's purchase of the five shares of stock until October, 1931, when he was ousted from active connection with the business and discharged as a full-time employee, and that ever since said time until shortly before commencement of the action negotiations for compromise and settlement of their differences have been pending between the parties. It also alleges that only two months elapsed from the time of the payment of the note of the corporation to the bank, up to which time the parties were precluded by their agreement with the bank to negotiate with Meier for purchase of the retained shares, until Olson, without the knowl-

edge of the plaintiff, procured the stock. This interim was not as matter of law an unreasonable time for the plaintiff to postpone negotiations with Meier for purchase of the stock pursuant to the contract. Under these facts the plaintiff was not guilty of laches to bar him from prosecution of the action.

(6) The action is based, not upon fraud, but upon breach of contract as far as O. T. Olson is concerned. Nor is the action concerned with wrongful conduct, except as to conduct wrongful in the sense that it is in breach of the contract. The matters alleged in the complaint and thus attacked, other than those above covered, are mere evidentiary matters, not matters of ultimate fact, and not subject to attack upon demurrer. As far as relief against Norman Olson or Mrs. Olson is concerned, it is not necessary in order to support overruling of the demurrer that any cause of action be stated against either of them. The objection is that no cause of action is stated. If the complaint states any cause of action against any defendant, the demurrer was properly overruled. Under our interpretation of the contract, as above indicated, it is valid. Under that interpretation it is too plain for argument that O. T. Olson breached it. It necessarily follows that the plaintiff is entitled to relief because of that breach. Whether relief is limited to recovery of the damages resulting to the plaintiff from the breach, or specific performance should be decreed, or both specific performance should be decreed and damages allowed for deprivation of earnings because of plaintiff's removal from office and discharge as an employee, it is not now necessary to consider. The nature and extent of the relief may better be determined upon trial of the case.

*By the Court.*—The order of the circuit court is affirmed.

ROSENBERRY, C. J., dissents.