**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**October 1, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2019AP1717**

**STATE OF WISCONSIN**

Cir. Ct. No.  2019SC1038

**IN COURT OF APPEALS
DISTRICT IV**

LISA MARIE SKLENAR,

   PLAINTIFF-APPELLANT,

 V.

BENNETT & ROELOFS ESTATE SALES,

   DEFENDANT-RESPONDENT.

        APPEAL from an order of the circuit court for Dane County: SHELLEY J. GAYLORD, Judge. *Affirmed*.

¶1    GRAHAM, J.[1] Lisa Marie Sklenar appeals the circuit court's decision, made at the end of a small claims trial, that Sklenar is not entitled to the relief she requested in her complaint. I affirm.

¶2    By way of background, Sklenar retained Bennett & Roelofs Estate Sales (B&R) to sell a number of items, including a Tiffany heart charm, a Hermes bracelet, a pair of Louis Vuitton sunglasses, and a 2013 Hyundai. B&R's owner, Chris Bennett, testified that the parties orally agreed that B&R would receive a 25% commission for selling these items, but no written contract memorializing this agreement was presented at trial.[2]

¶3    Bennett sold the fashion items through eBay to the highest bidder, and he deducted various fees and the commission from the purchase price for each item. Bennett also found a used car dealership that would be willing to purchase the Hyundai. Sklenar negotiated directly with the dealer about the terms of the sale, and the dealer delivered a $4000 check to Sklenar. According to Bennett, he collected $500 (that is, half of the 25% commission) directly from the dealer, and he sought to collect the other half from Sklenar. There is conflicting testimony in the record about whether Bennett actually collected a $500 commission for the Hyundai from Sklenar.[3]

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] B&R's appendix includes a letter that Sklenar wrote which appears to acknowledge an agreement about a commission, but I do not consider this writing because the circuit court determined that it was inadmissible and B&R makes no argument that this ruling was erroneous.

[3] Bennett initially testified that he "deducted [his] commission from the car[] from the sale of the women's fashions," but then testified that he did not deduct "another $500" from the amount owed on the fashion items. Sklenar testified that Bennett "tried" to deduct the $500

(continued)

¶4      After hearing the parties' testimony, the circuit court rejected Sklenar's argument that she was entitled to the amount that she originally paid for the fashion items, and it determined that Sklenar failed to prove that the items were worth more than the price they sold for on eBay.  The court also appeared to make a finding of fact that Bennett never collected any commission for the car from Sklenar.  The court told Sklenar:  "[Y]ou're not owed anything on the commission [for the car].  Someone else paid it.  You didn't pay it."

¶5      On appeal, Sklenar contends that B&R is not entitled to commission for any of the items that were sold.  She does not dispute the existence of an oral agreement that B&R would sell her items and take a commission from the proceeds.  She instead argues that based on WIS. STAT. § 402.201, any such agreement is unenforceable.  She also renews her argument that Bennett sold the fashion items for much less than they were worth, and she argues that she is entitled to a restitution hearing to establish their value.

¶6      Sklenar's reliance on WIS. STAT. § 402.201 misses the mark because she does not develop any argument showing that this statute applies to her oral agreement with B&R.  Section 402.201(1) is the provision of Wisconsin's Uniform Commercial Code that requires certain contracts to be in writing.  It specifically pertains to "contracts for the sale of goods," *id.*, meaning contracts between buyers and sellers of goods.  *See* WIS. STAT. § 402.102 (discussing the scope of WIS. STAT. ch. 402 and noting that it applies only to "transactions in goods"); *see also Stack v. Roth Bros. Co.*, 162 Wis. 281, 156 N.W. 148 (1916)

---

commission from the amount that B&R owed her for the fashion items, but that Bennett did not "actually do that."

3

(discussing a predecessor statute to § 402.201 and explaining that it applies only to contracts between seller and buyer). Section 402.201 does not apply to other contracts, such as contracts for services. ***Schaller v. Marine Nat. Bank of Neenah***, 131 Wis. 2d 389, 400 n.4, 388 N.W.2d 645 (Ct. App. 1986) (noting that Article 2 of the Uniform Commercial Code does not apply to contracts for services).

¶7      Here, B&R did not contract to purchase goods from Sklenar. It instead contracted to list the goods she owned for sale to third parties, and to facilitate shipping and payment once B&R found a buyer. On its face, this appears to be a type of contract that would fall outside the scope of WIS. STAT. § 402.201, and Sklenar does not cite any law or develop any argument to the contrary. *See* ***State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (the court need not address undeveloped legal arguments on appeal).

¶8      Turning to Sklenar's argument regarding the value of the fashion items, the sole evidence she offered at trial was the amount that she originally paid for these items in 2010 and 2017. The circuit court determined that this evidence was insufficient to establish their value at the time they were sold in 2018, and Sklenar does not argue that this determination is erroneous. She instead asserts that she should have been given the opportunity for a "restitution hearing" so that she could prove the value of the fashion items. Putting aside that it is not clear whether restitution would be an appropriate remedy for the claims advanced in the

complaint,[4] Sklenar's opportunity to present evidence of her damages was during the small claims hearing.

¶9 Finally, turning to the Hyundai, the circuit court found that Sklenar did not pay any commission for the car. Sklenar does not argue that this finding is clearly erroneous until her reply brief, and appellate courts typically decline to address arguments that are raised for the first time in a reply brief. *State v. Reese*, 2014 WI App 27, 353 Wis. 2d 266, 274 n.2, 844 N.W.2d 396. But even if I were to consider this argument, disregard the court's finding of fact, and determine that B&R did collect a $500 commission from Sklenar for the Hyundai, Sklenar does not show why that fact would matter. Sklenar has advanced just one argument to support her assertion that B&R is not entitled to a commission for the Hyundai— that the oral agreement was unenforceable under WIS. STAT. § 402.201—and I have already rejected this argument for reasons explained above.

¶10 For all of these reasons, I affirm the order of the circuit court.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[4] In her reply brief, Sklenar cites statutes and internet summaries that discuss remedies available for theft and conversion, but Sklenar's complaint appears to be based on contract law, and she cites no authority for the proposition that the circuit court must order a restitution hearing in a small claims contract dispute.