Parker, J.
I am of opinion, that the circuit court ought to have granted a new trial in this case, on the ground, if upon no other, that the damages were excessive and vindictive. [Here, the judge recapitulated the leading facts of the case.] Although Thompson had not the le *106 gal title, there is no evidence to shew that he had not such an equitable one, as, combined with his possession and the long possession of those holding under him, would have enabled his assignee to defend himself against the claim of Beverley. No eviction had taken place; no offer had been made to Thompson to cancel the bargain, yield the possession to him, and remit him to his original rights. The purchase money was but £ 50. and only part of it had been paid. The verdict of the jury for so large a sum as 650 dollars in damages, must have been rendered in consequence of its being proved that in 1817, when the balance of the purchase money was tendered, the land was worth from 15 to 20 dollars per acre in cash, and that the boundaries of the tract, which was sold for 50 acres, more or less, really contained about 90 acres. A regard to both these elements, in connexion with the return of the purchase money advanced, must have influenced the jury. But throwing out of view the probability that the title of the covenantee had been perfected by the lapse of time; disregarding the fact of his neglecting for so many years to tender the balance of the purchase money, and ask for a title; and supposing him to have been actually evicted by Beverley's heirs ; the jury went greatly beyond the damages to which the plaintiff was entitled.
In the case of actual eviction from land for which the purchaser has a conveyance, he can only recover the purchase money, with interest for such time as he is liable to be called on for rents and profits, and the costs of defending the title. This is the settled rule by which the damages are measured in cases of eviction under an executed contract, “ whether they be claimed in an action upon a warranty, or covenant of seisin, or of power to convey, or for quiet enjoyment:" see Stout v. Jackson, and Threlkeld's adm'r v. Fitzhugh's ex'x. The same rule applies, at least with equal force, to executory contracts for land. In Mills v. Bell, pre *107 sident Pendleton, who delivered the opinion of the court, ^ seemed to think it applied a fortiori: for whilst he in-dined to the opinion, that if a conveyance was made . 1 . . . with warranty, the purchaser upon eviction was entitied on the covenant to the increased value of the estate, he declared, that as in that case the contract was executory, a court of equity would adjust the damages upon equitable principles; and, accordingly, he decreed the value at the time of the agreement. So in Flureau v. Thornhill, on covenant to convey a tract of land at a future time, which had increased in value, and the vendor had no clear title, the vendee was only allowed the purchase money and interest, for that was his real loss. And judge Green, in Stout v. Jackson, says, that s‘ in all cases of executory contracts, the compensation in case of failure, when the property sold has in the mean time increased in value, should be the same as in case of an executed contract with warranty, and an eviction; for the real loss to the purchaser is the same.” Judge Cabell too, in the case of Threlkeld's adm'r v. Fitzhugh’s ex’x, draws the distinction between contracts to deliver personal property, and contracts to convey lands, at a future period, in these words : “ In all executory contracts for the delivery of personal property at a future day, the established standard of damages is the value of the property at the time and place when and where it ought to be delivered. In all executory contracts for the conveyance of land at a future time, the established measure of damages is the purchase money.” On a covenant to make a good title, where there is no fraud on the part of the vendor, and he sells believing his title to be a good one, or that it can be made so, the rule must be the same. The vendee’s loss, in case of failure, is the purchase money; the profits, as long as he receives them, standing in lieu of interest, unless so far as they are recovered. For this loss he ought to be compensated, if the land falls in value; and no more than *108 compensated, if it rises. Such a rule offers no temptation to the vendor to violate his contract; because, if he has a good title, the vendee can claim specific performance in a court of chancery, instead of bringing his action at law. As to the additional quantity of land over and above that sold, the vendee has no claim whatever to compensation; and with respect to loss sustained by having put improvements on the estate, he cannot recover, for the reasons assigned by judge Green in Stout v. Jaclcson.
Hence, the plaintiff here, in case of actual eviction, would seem to have been entitled to little more than 100 dollars, which he had paid, with some interest. Under the actual circumstances of ‘the case, I am strongly inclined to think, his damages should have been nominal: but as (if my opinion prevails) the cause must be sent back for a new trial, and its aspect may be changed by new pleadings and new evidence, I forbear to give any opinion on this point.
The other judges concurred. Judgment reversed, and cause remanded for a new trial.