# Richmond

## ADA J. WILLIAMS v. LUCILLE B. SNIDER.

November 21, 1949.

Record No. 3530.

Present, Gregory, Eggleston, Spratley, Buchanan, Staples and Miller, JJ.

The opinion states the case.

*Allen, Allen & Allen,* for the plaintiff in error.

*Robert Lewis Young,* for the defendant in error.

STAPLES, J., delivered the opinion of the court.

The defendant in error, Lucille B. Snider, hereinafter called plaintiff, instituted this action against the defendant, Ada J. Williams, by notice of motion for judgment, for damages for breach of a contract of sale by the defendant to the plaintiff of certain real estate in the city of Richmond. The case was tried upon a plea of the general issue, and the jury returned a verdict in favor of the plaintiff for the sum of $2,250, the amount sued for.

It is not disputed that the evidence supports a finding by the jury that the defendant, without just cause, wilfully refused to convey the property to the plaintiff who was able and anxious to pay the agreed purchase price and receive a deed to the property. It is not denied that the defendant was able to convey a good title. The only questions we are called upon to decide relate to the measure of damages.

The jury were instructed that, if their verdict should be in favor of the plaintiff, because of the wilful refusal of

the defendant to convey the property to her, "the measure of her damages is the difference, if any, between the contract price and the value of the property at the time when the contract was broken, if you believe it was broken; and in case you award such damages and believe that Mrs. Snider had a valid contract to sell the said property to another person at an increased price, you may consider this in fixing the amount of such award."

The evidence shows that, before the breach, the plaintiff had resold the property at an increase in price of $2,250, conditioned upon the defendant's conveyance to her. There was no other evidence of the value of the property at the time of the breach and the jury apparently accepted the resale price as the market value at that time.

The defendant takes the position that in Virginia, in cases where the vendor, though possessed of a marketable title, wilfully refuses to convey the real estate in performance of a contract of sale, the measure of damages is the contract price; and that the vendee may recover only such amount, with interest, as he has paid on account of the purchase money. The case of *Stuart* v. *Pennis*, 100 Va. 612, 42 S. E. 667, is relied on in support of this contention.

The *general rule* in Virginia is that the measure of damages for failure of the vendor to convey as agreed is the purchase price, or any part thereof, paid by the vendee, with interest from date of payment. The rule had its inception in the English case of *Flureau* v. *Thornhill*, 2 W. Blackstone's Reports 1078, decided in April, 1776. The vendee in that case had bought at auction a leasehold house, but the defendant was unable to deliver a good title. The vendor offered the vendee his election, either to take the title, with all its faults, or to receive back his deposit on the purchase price, with interest and costs. The vendee contended that he sustained damages due to the loss of his bargain. The court held that, in the absence of any fraud on the part of the vendor, the vendee's recovery was limited to the amount of his deposit, with interest.

This general rule was predicated upon the good faith of the vendor, who offered to convey such title as he had. It was first applied in Virginia in *Stout* v. *Jackson*, 2 Rand. (23 Va.) 132, 152, involving an executed deed, where it was held that the measure of damages recoverable by a grantee for breach of a covenant of general warranty was the purchase price of the property from which he was evicted, with interest from the date of eviction. It was applied also in a similar case of eviction violating a like covenant of a deed in *Threlkeld* v. *Fitzhugh*, 2 Leigh (29 Va.) 451, 458.

The first Virginia case in which the rule in *Flureau* v. *Thornhill, supra,* appears to have been applied to an executory contract is *Thompson* v. *Guthrie,* 9 Leigh (36 Va.) 101, 107, 33 Am. Dec. 225, in which the vendor, though acting in good faith, was unable to deliver good title. The rule was there held to apply "where there is no fraud on the part of the vendor and he sells believing his title a good one or that it can be made so."

In *Wilson* v. *Spencer,* 11 Leigh (38 Va.) 261, the vendor, after the contract of sale, subjected the land to an encumbrance and then conveyed it to others, thus disabling himself from performing his contract. It was held that the general rule was not applicable but the vendee was entitled to damages based upon the value of the land at the time of the breach of the contract. The bad faith of the vendor was said to make the case an exception to the general rule.

*Stuart* v. *Pennis, supra,* relied on by the defendant, was the first case in which this court considered the measure of damages applicable to a wilful refusal, without just cause, of a vendor to convey where the vendor had a good title. It was there held, as contended here by the defendant, Mrs. Snider, that the refusal of the vendor to comply with her contract of sale of standing timber, although she had good title thereto, did not "take the case from the control of the general rule that the measure of damages is the contract price, and not the difference between the contract price

and the market value of the property at the time of the breach."

We are of opinion, however, that this holding in *Stuart* v. *Pennis* was overruled by necessary implication in *Davis* v. *Beury*, 134 Va. 322, 114 S. E. 773, 115 S. E. 527, which was a suit in equity to recover and enforce by an attachment damages for breach of a contract to convey certain real estate. There it was held that the test of the vendee's right to recover compensatory damages was whether the vendor acted in good faith. And the opinion clearly states the rule applicable in this language:

"What is the doctrine in Virginia on the subject of the right of the vendee to recover damages, beyond the return of the purchase money actually paid, with interest, for the breach of such a contract by the vendor?

"The answer is that for a vendee to be entitled, under the doctrine in Virginia on that subject, to recover any damages, beyond the return of the purchase money actually paid, with interest, for the breach of a contract by the vendor to convey the title contracted to be conveyed at the time fixed for the completion of the contract, the vendee must prove that the vendor either acted in bad faith in originally undertaking to convey such title at such time, or that, since the undertaking and on or before the time fixed for the completion of the contract, he has voluntarily disabled himself from making the conveyance, *or that he was able at such time to make the conveyance contracted for and wilfully neglected or refused to do so.*" (Emphasis supplied). (134 Va. 339).

After the foregoing statement of the Virginia doctrine, the opinion quotes with approval from *Mullen* v. *Cook*, 69 W. Va. 458, 71 S. E. 567, where the above mentioned *general rule in Virginia* was said not to apply if the vendor "has good title and wilfully refused to convey," and that to recover more than nominal damages the vendee must prove that the vendor "voluntarily disabled himself from making the conveyance, or that he is able to make good conveyance and wilfully refuses to do so." And the opinion also quotes

with approval the following from Maupin on Marketable
Title to Real Estate:

"It need hardly be said that the purchaser may always
recover for the loss of his bargain whenever the vendor,
having a good title, perversely and wrongly refused to con-
vey, * * *." (134 Va., at page 341).

After thus stating the Virginia doctrine, and quoting the
foregoing authorities in support of it, the opinion of Judge
Sims, speaking for the court, proceeded to discuss the evi-
dence to determine whether it established bad faith on the
part of the vendors. The conclusion reached was that the
vendors believed that they had a marketable title to the land
when they contracted to sell it, and also that they "did not
neglect or refuse to make the conveyance which it was in
their power to make, but on the contrary offered to make
such conveyance by the tender of the deed which they made
on December 16, 1905." The general rule that the vendee
can recover only nominal damages was therefore held to
apply since the vendors acted in good faith when they of-
fered to convey such title as they had.

And this test of good faith on the part of the vendor in
determining the measure of damages for failure to convey has
been followed in our decisions subsequent to *Davis* v. *Beury,*
*supra.*

In *Greer* v. *Doriot,* 137 Va. 589, 120 S. E. 291, the vendor
was unable to carry out his contract because his wife would
not join in the deed. It was held that the vendor knew
when he signed the contract of sale that he would have to
provide a deed executed by her and that, under the rule of
*Davis* v. *Beury* and other authorities, in omitting to secure
her signature on the contract, he failed to exercise that good
faith necessary to relieve him of liability for compensatory
damages. It would be a strange rule indeed which would
hold him liable in damages for his *wife's* refusal to convey,
but exempt him from such liability when *he himself* is the
one who refuses to execute the deed.

In *Spruill* v. *Shirley,* 182 Va. 342, 28 S. E. (2d) 705, at

the time the contract was signed the vendor believed he was the sole owner of the land. It turned out, however, that the title stood jointly in him and his deceased wife, and therefore that his children owned an interest in the property. The owner was held not liable for compensatory damages because no bad faith was attributable to him. The opinion of Mr. Justice Spratley states: "It is conceded that, in Virginia, we have adopted the rule enunciated in *Pumpelly* v. *Phelps*, 40 N. Y. 59, 100 Am. Dec. 463, * * *" and the opinion quotes that part of the rule applicable to the facts then before this court. The rule referred to, in the sentence immediately preceding the part quoted by Mr. Justice Spratley, is applicable in the case at bar and is stated by the New York Court as follows:

"* * * The general rule certainly is, that where the vendor has the title, and for any reason refuses to convey it, as required by his contract, he shall respond in law for the damages, in which he shall make good to the plaintiff what he has lost by his bargain not being lived up to. This gives the vendee the difference between the contract price and the value at the time of the breach, as profits or advantages, which are the direct and immediate fruits of the contract; * * *." (100 Am. Dec., at page 466).

In the recent case of *Horner* v. *Holt*, 187 Va. 715, 47 S. E. (2d) 365, the rule stated in *Davis* v. *Beury, supra,* was quoted and followed in an opinion by Mr. Justice Miller. There the vendor contracted to build a residence on a lot in the city of Richmond and convey it to the vendee. Soon afterwards building costs materially increased and the vendor refused to go through with his agreement. The vendor sought to invoke the rule stated in *Stuart* v. *Pennis, supra,* and contended that he was liable only for the return of the payment which the vendee had made on the contract. In rejecting this contention, we quoted the following from *Davis* v. *Beury*, at page 344 of 134 Va.:

"* * * or if he has title and refuses to convey, or disables himself from doing so by conveyance to another person—

in all such cases he is beyond the reason of the principle of *Flureau* v. *Thornhill, supra,* and is liable to full compensatory damages, including those for the loss of the bargain." (187 Va. at page 728).

The defendant contends that our decision in *Boston* v. *DeJarnette,* 153 Va. 591, 151 S. E. 146, is inconsistent with that in *Davis* v. *Beury, supra.*

In the Boston case specific performance was granted to the vendees as to all vendors bound by the contract, but no damages were allowed. *Davis* v. *Beury* holds that the vendee cannot have both specific performance and damages. "He has the right of election between the two remedies. He must choose between the two and having chosen, he must abide by his choice." (134 Va., at page 345). We find no substantial conflict in these two cases.

Upon principle we are of opinion that the doctrine stated in *Davis* v. *Beury, supra,* is sound. In no field of the law of contracts may a party deliberately refuse to perform his agreement, when it is in his power to fulfil his bargain, without subjecting himself to liability for compensatory damages. To countenance a contrary rule in contracts for the sale of real estate would greatly impair, and in many cases entirely destroy the value of the contract and seriously obstruct the conduct of the real estate business.

It has been suggested that this rule does not prevent the vendee from suing for specific performance. But such suits are usually long drawn out and, if successful, the vendee may find that the value of the property has depreciated in the meantime.

The defendant also contends that the evidence does not show that she had notice of the resale of the property by the vendee prior to her refusal to convey and therefore the plaintiff was not entitled to recover, as special damages, the difference between the contract price and the resale price. In support of this position she cites annotations in 48 A. L. R. 35 and 88 A. L. R. 1439-1441, 1445, and other authorities. We do not find it necessary to decide this legal question

because the instruction given the jury, above set out, restricted the measure of damages to "the difference, if any, between the contract price and the value of the property at the time when the contract was broken." The plaintiff's Instruction No. 2 would have required a finding of special damages,—*i. e.*, the difference between the contract price and the resale price—but this instruction was refused.

We find no error in the proceedings in the Law and Equity Court and its judgment must be affirmed.

*Affirmed.*