TANGLEWOOD LAND COMPANY, INC. v. C. L. BYRD AND WIFE, KATHLEEN
N. BYRD

No. 7810SC958

(Filed 3 July 1979)

**Vendor and Purchaser § 1— right to mortgage and prior sale retained by seller—
contract not unconscionable**

> Provisions in a contract for the sale of land that seller could mortgage the
> property or make a prior sale did not render the contract unconscionable.

Judge ARNOLD dissents.

APPEAL by plaintiff from *Smith (David I.), Judge*. Judgment
entered 2 August 1978 in Superior Court, WAKE County. Heard in
the Court of Appeals on 26 June 1979.

Plaintiff, a Virginia corporation, instituted suit to recover
$7,418.25, the balance due on an installment land contract involv-
ing the sale of a lot to the defendants. Pursuant to the contract,
defendants were to pay $500.00 down and make monthly pay-
ments of $135.25 for five years. The total deferred price of the lot
was $8,615.00. Defendants executed the note on 5 May 1974 and
made payments totalling $1,311.50 until 6 November 1974, the
date of the last payment. Defendants filed an Answer, including a
Rule 12(b)(6) motion to dismiss on 21 April 1978. On 3 August 1978
the trial court allowed the motion to dismiss in an Order stating:

> [T]he complaint should be dismissed for reason that it ap-
> pears upon the face of the contract upon which this suit is
> based, a copy of which contract is incorporated in the com-
> plaint, is unconscionable, and there is a failure of considera-
> tion to support the plaintiff's claims.

Plaintiff appealed.

*Mast, Tew, Nall & Moore, by Allen R. Tew, for plaintiff ap-
pellant.*

*Gulley, Barrow & Boxley, by Jack P. Gulley, for defendant
appellees.*

HEDRICK, Judge.

Defendants contend that the contract is unconscionable and any obligations of the plaintiff illusory because of the following two provisions contained in the agreement:

> 6. Buyer agrees that in the event of prior sale of said lot(s), this agreement and note shall be cancelled and voided without further liability to either party, except for refund of all payments made hereunder to Buyer, and to accept the decision of Seller without recourse, that said prior sale of lot(s) has been made.

> . . .

> 12. Seller reserves the right to convey its interest in the above described premises and its conveyances thereof shall not be a cause for recission. Buyer expressly consents that Seller and its grantees and/or assigns may mortgage said premises and the rights of Seller and Buyer shall be subordinate to the lien of all such mortgages, whether the same shall be given hereinbefore or hereinafter.

Defendants argue that there is a failure of consideration since the vendor, under the terms of paragraph 6, has no obligations other than to refund any payments made to it by defendants. Furthermore, they argue, under the terms of paragraph 12, plaintiff can place a mortgage on the property in any amount, and thus any rights of defendants would be subject to said mortgage.

These arguments have previously been considered and rejected by this Court. We find the present case indistinguishable from *Tanglewood Land Company, Inc. v. Wood*, 40 N.C. App. 133, 252 S.E. 2d 546 (1979), where this Court, affirming a judgment for Tanglewood, declared that a contract identical to the one in the present case was not unconscionable or illusory and was supported by consideration. We also note that the trial court in that case ordered the vendor to deliver a deed conveying the property to buyers upon payment of the balance due on the notes and contracts.

We note that in holding that the promises of the vendor were not illusory and were supported by consideration, this Court stated, "The rule is well established in [Virginia] that when a ven-

Land Co. v. Byrd

dor breaches a contract to convey, the vendee is entitled to sue for specific performance or breach of contract." *Tanglewood Land Company, Inc. v. Wood*, 40 N.C. App. at 139, 252 S.E. 2d at 551. The rule is stated in *Davis v. Buery*, 134 Va. 322, 339, 114 S.E. 773, 777 (1922), as follows:

> [F]or a vendee to be entitled . . . to recover any damages, beyond the return of the purchase money actually paid, with interest, for the breach of a contract by the vendor to convey the title contracted to be conveyed at the time fixed for the completion of the contract, the vendee must prove that the vendor either acted in bad faith in originally undertaking to convey such title at such time, or that since the undertaking and on or before the time fixed for completion of the contract, he has voluntarily disabled himself from making the conveyance, or that he was able at such time to make the conveyance contracted for and willfully neglected or refused to do so.

*See also Williams v. Snider*, 190 Va. 226, 56 S.E. 2d 63 (1949); *Spruill v. Shirley*, 182 Va. 342, 28 S.E. 2d 705 (1944). Thus, insofar as paragraph 6 attempts to limit the liability of the vendor for breach of the contract under any circumstances to return of the payments made, it is contrary to the settled law of Virginia and inoperative.

For the reasons stated, the Order dismissing plaintiff's complaint is reversed, and the cause is remanded to the Superior Court for further proceedings.

Reversed and remanded.

Judge VAUGHN concurs.

Judge ARNOLD dissents.