## CIRCUIT COURT OF FAIRFAX COUNTY

The Anden Group et al.

v.

Leesburg Joint Venture et al.

July 6, 1989

Case No. (Chancery) 94117

By JUDGE THOMAS A. FORTKORT

### 1. *History of the Case*

This case is before the court on the Complainants' Motion for Entry of Judgments Against Defendants Leesburg Joint Venture and Homet, subsequent to the Supreme Court's reversal of this Court's decision and its remand for disposition.

The pertinent facts on remand are as follows. The parties entered into separate written agreements for the purchase of three tracts of land; prior to settlement, Complainants indicated they would not proceed with the purchase of one of the tracts; consequently, Defendants refused to execute the conveyance of the two remaining tracts. Under its previous ruling, the Court found that, although the parties entered into separate written agreements for three tracts of land, a unitary contract existed for the sale of the property due to the underlying circumstances of the transaction. The Court found that Complainants could not receive the remedy of specific performance for the conveyance of the two tracts because of the Com-

plainants' "unclean hands," and that Complainants breached the unitary contract. Judgment was in favor of Defendants. Subsequent to the original judgment, Complainants entered into an agreement with third parties in the amount of $825,000 to relinquish its rights to the two tracts. On appeal, the Supreme Court ruled that it was error for the Court to entertain parol evidence that showed the existence of a unitary contract. The Supreme Court opinion found that the transaction constituted three separate written contracts.

### 2. *Ruling on Remand*

The Supreme Court ruling dictates that the underlying circumstances of the transaction cannot be considered. We then necessarily conclude that Defendants breached the contracts for sale of the two tracts by refusing to go to settlement on the two contracts unless the Complainants proceeded on the third and that Defendants are liable to Complainants for damages and for refund of the previous judgment award.

### 3. *Measure of Damages*

Defendants argue that the measure of damages should follow from the "English rule"; that is, Complainants are entitled to only the refund of any monies already paid towards the purchase price plus interest. Complainants contend that Complainants should receive the benefit of their lost bargain. Defendants counter this position by stating that benefit-of-the-bargain damages are only available upon the showing of bad faith and that no such conduct on their part has been demonstrated.

Virginia case law supports Complainants contention. The rule is enunciated in *Williams v. Snider*, 190 Va. 226 (1949): "Where the vendor has the title and for *any reason* refuses to convey it, as required by his contract, he shall respond in law for the damages, in which he shall make good to the vendee what he has lost by his bargain not being lived up to. This gives the vendee the difference between the contract price and the value at the time of the breach . . ." (emphasis added).

The evidence before the Court is that the benefit of the bargain damages for the respective tracts are $3,429,256.30 against Defendant Leesburg Joint Venture and $1,008,040.20 against Defendant Homet.

Defendants make the argument that the $825,000 third-party agreement entered into by Complainants works an accord and satisfaction of Complainants claim against Defendants. However, the agreement that would serve as the basis for an accord and satisfaction must be between the injured and the injuring party, *Owen v. Wade*, 185 Va. 118 (1946), or for the benefit or on the behalf of the injuring party, *Katzenberger v. Bryan*, 206 Va. 78 (1965). This is not the situation in this case.

Although the third-party agreement does not constitute an accord and satisfaction, the agreement can be viewed as one entered into by Complainants pursuant to their legal duty to mitigate Defendants' damages. Complainants' judgment therefore shall be reduced by $825,000.

In addition, Complainants are due the amounts paid to Defendants under this Court's previous judgment order, plus interest. This amount is $298,312.02.

The Court will leave to the discretion of counsel for the parties to allocate the $825,000 credit and the $298,312.02 charge between Leesburg Joint Venture and Homet. The judgment amounts will apply as stated in this letter.